SUMNER FOLSOM *et al.*

*v.*

BOARD OF TRUSTEES OF OHIO STATE UNIVERSITY *et al.*

*Opinion filed June 23, 1904.*

1. CONFLICT OF LAWS—*court of State where land lies is not bound by construction of will in foreign State.* Courts of the respective States will construe for themselves wills or other instruments affecting the title to lands situated in the State where the court is located, and are not bound by the construction adopted by courts in the State where the will was executed.

2. WILLS—*right of party for whose benefit statute was enacted to waive it.* The protection of a statute providing that a will devising property to charitable, religious or educational institutions, executed less than one year prior to the testator's death, shall be invalid if the testator die leaving issue or an adopted child, may be waived by such issue or adopted child by ratifying the devise.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. F. M. WRIGHT, Judge, presiding.

This was a bill in chancery filed in the circuit court of Champaign county by the plaintiffs in error, against the defendants in error, claiming to be the owners in fee simple, subject to the life estate therein of Charlotte G. Page, of certain lands located in said county, and seeking to remove as a cloud upon their title an instrument in writing executed by Isabel Page to the Ohio State University, which instrument in writing is of record in the recorder's office of Champaign county. The defendants in error answered the bill, and the circuit court, upon a hearing, entered a decree dismissing the same for want of equity, and a writ of error has been sued out from this court to review said decree.

It appears from the record that Henry F. Page, (formerly Henry Folsom,) a resident of Pickaway county, State of Ohio, died testate on the 27th day of October, 1891, possessed of personal and real estate situated in the State of Ohio and the lands in question, leaving him surviving Charlotte G. Page, his widow, and Isabel Page,

his daughter and sole heir-at-law. On the 5th of May prior to his death he executed a will, by the terms whereof he gave to his wife the use of his dwelling at Circleville, Pickaway county, Ohio, and one-half of his real estate, during her natural life, and to his daughter the use of all his property, real and personal, during her natural life, subject to the provisions in his will in favor of his wife, and gave to the Ohio State University, to be invested in the endowment fund, in fee simple and absolutely, all the rest, residue and remainder of his real estate and personal property in Ohio, Illinois and elsewhere, and then provided, if the devise and bequest to said university should fail or be held void for any cause, the property bequeathed to the university should go to the children of Charles Folsom and George Folsom, his deceased brothers, in fee simple. At the time of the execution of the will and at the time of the death of the testator there was in force in the State of Ohio a statute which provided that if a testator die leaving issue of his body, or an adopted child, him surviving, or the legal representative of either, and the will of such testator give, devise or bequeath the estate of such testator, or any part thereof, to any benevolent, religious, educational or charitable purpose, or to any person in trust for any of said purposes, the same shall be invalid unless such will shall have been executed, according to law, at least one year prior to the decease of the testator.

On July 6, 1891, the testator executed a codicil to said will, in which he recited that the object of the devise and bequest to the children of his deceased brothers was, that in case of his death within one year from the date of his will, and the failure, by reason thereof, of the devise and bequest to the Ohio State University, the said children should take the fee to his property, but that they should not take the same in any other event, and then provided: "I now provide and declare that my said daughter is fully authorized and empowered to ratify and

confirm said devise and bequest to the said university in case of my death within a year from the date of said will, and she is desired and requested by me to do so. In case she complies with this request, the devises and bequests to the said children of George Folsom and Charles Folsom are hereby revoked." The will and codicil were duly probated in the probate court of Pickaway county, Ohio, and the widow and daughter accepted the provisions made therein for them, respectively.

On December 5, 1891, Isabel Page executed an instrument in writing, by the terms of which she ratified and confirmed in the Ohio State University the devise and bequest made to it by the provisions of the will of Henry F. Page, and by the terms thereof also conveyed to the university any interest which she might have in said property so sought to be devised and bequeathed by her father to said university. The material parts of said instrument by which said Isabel sought to confirm said devise and bequest and to convey to said university her interest in said property, are as follows:

"Now, therefore, I, the said Isabel Page, the daughter and only issue of the said Henry F. Page, the said testator, in execution of the authority and power conferred upon and vested in me by said testator, in and by the first of said codicils, to ratify and confirm the said devise and bequest to the Ohio State University contained in said will and the said first codicil, and in consideration of the premises and of the sum of one dollar to me paid by the board of trustees of the Ohio State University, the receipt whereof is hereby acknowledged, do hereby ratify and confirm said devise and bequest to the said Ohio State University, and do hereby convey unto the board of trustees of the Ohio State University, and the successors and assigns of said board forever, in trust for the use and benefit of said university, to be invested as the endowment fund, all the property, real and personal, devised and bequeathed by said testator to the

said Ohio State University in and by his said will and codicils, the same being all the residue, rest and remainder of the real estate and personal property, in Ohio or elsewhere, of which said testator died seized," etc.

On August 4, 1893, Isabel Page died intestate, without issue, leaving her mother, Charlotte G. Page, her surviving.

It further appears that prior to the filing of this bill the plaintiffs in error commenced a civil action in the court of common pleas of Pickaway county, Ohio, against the defendants in error, setting forth said will and codicil, the death of the testator within one year after the execution of said will and the execution of the instrument in writing executed by Isabel Page, herein before referred to, and claiming title to the real estate of which the testator died seized in Pickaway county, Ohio, as devisees under said will. An answer was filed and hearing had in said court and decree entered. An appeal was prosecuted to the circuit court of Pickaway county, and the case was taken by writ of error to the Supreme Court of the State of Ohio. The cause was heard at the January term, 1897, of said Supreme Court, and it was there determined that the children of Charles Folsom and George Folsom took nothing under the provisions of said will, as the contingency,—the making of a deed to said university by the testator's daughter, ratifying and confirming said devise and bequest,—had arisen upon the occurrence of which the devise and bequest to them was revoked, and thereupon a final judgment was rendered by said Supreme Court for and on behalf of the defendants in error, and the suit of the plaintiffs in error was dismissed.

GEORGE W. GERE, and ABERNETHY & FOLSOM, for plaintiffs in error.

HARRISON, OLDS & HENDERSON, MAXWELL & RAMSEY, and SHUTT & GRAHAM, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is contended by the defendants in error that the finding of the Supreme Court of Ohio that the devise and bequest to the plaintiffs in error was revoked by the action of Isabel Page in ratifying and confirming the devise and bequest made by Henry F. Page, deceased, to the university, is conclusive upon the plaintiffs in error on that question in this court. We do not agree with such contention. The land is situated in this State, and it has repeatedly been held by this court that the validity and construction, as well as the force and effect, of all written instruments affecting the title to land depend upon the law of the State where the land is situated. It is also held that the rule applies with the same force to a will that it does to a deed or other instrument in writing, and that the courts of the respective States will construe for themselves wills or other instruments in writing affecting the title to lands situated in the State where the court is held, and will not be governed by the decisions of courts with reference to the title to lands not situated in the State where the decision is made, except in so far as such decisions conform to the views of the court within whose jurisdiction the land is situated. (*McCartney* v. *Osburn,* 118 Ill. 403; *Harrison* v. *Weatherby,* 180 id. 418). We are of the opinion, however, that the Supreme Court of Ohio (*Board of Trustees* v. *Folsom,* 56 Ohio St. 701; *Thomas* v. *Board of Trustees,* unreported,) was right in holding that the provisions of the statute of that State declaring invalid all devises and bequests of real and personal property for benevolent, religious, educational or charitable purposes, where the testator dies within one year from the time of the execution of his will, were made for the protection of the persons named in said statute, viz., the issue of the testator's body or his adopted child and the legal representative of either, and that the person or persons named in the statute may

waive the protection of the statute and ratify and confirm a devise or bequest made for benevolent, religious, educational or charitable purposes although the testator die within one year from the execution of his will, which devise or bequest, but for such waiver, ratification or confirmation, would be invalid. At the time of the death of Henry Page, which occurred within one year from the date of the execution of his will, he left surviving him as the sole issue of his body, Isabel Page. The devise and bequest to the university as to her was invalid. She, however, in compliance with her father's request, ratified and confirmed the devise and bequest to the university. If, however, it be held that she could not confirm the devise and bequest to the university so as to vest the title in the university, clearly the effect of the execution of the deed of confirmation was to revoke the devise and bequest to the plaintiffs in error, as the will provided, in express terms, the devise and bequest to the children of George Folsom and Charles Folsom, deceased, should be revoked in case Isabel Page ratified and confirmed the devise and bequest to the university. If the university did not take the title, through the will, by the act of ratification and confirmation on the part of Isabel, the property then passed to her as intestate property, she being the sole heir of Henry F. Page, deceased, and her deed to the university, of the land in question, invested the university with the title thereto. The fact that the conveyance from Isabel to the university was contained in the same instrument which sought to ratify and confirm the devise and bequest to the university would not prevent the title passing, by virtue of such conveyance, from her to the university. Neither was the fee of the property of Henry F. Page willed to Isabel in trust for the benefit of the university. She might have declined to ratify and confirm the devise and bequest to the university had she elected so to do.

From a careful examination of this record we have reached the same conclusion reached by the chancellor who heard the case below, and are of the opinion the decree of the circuit court should be affirmed, which will accordingly be done.

*Decree affirmed.*