RUPLE, ADMR., *v*. HIRAM COLLEGE ET AL.

(Decided September 17, 1928.)

*Mr. Paul Howland, Mr. M. F. McCarthy* and *Mr. S. A. Bailey,* for appellant.

*Messrs. Cook, McGowan, Foote, Bushnell & Burgess* and *Messrs. Snyder, Henry, Thomsen, Ford & Seagrave,* for appellees.

MAUCK, J. A demurrer was sustained to the petition of the plaintiff in the court of common pleas. Judgment was entered on the demurrer, and an appeal taken to this court. The question here is whether the petition states a cause of action.

The plaintiff, Alfred W. Ruple, sues as the administrator of the estate of Nellie C. Ruple, deceased. Mrs. Ruple was a daughter of Harrison R. Newcomb, who died February 4, 1910, leaving a will executed August 11, 1903, with two codicils executed respectively July 10, 1909, and October 20, 1909. By his original will the testator made certain

minor bequests to his wife and daughter, after which his executors were directed to turn over the residue of his property to a trust company, to be held and invested by it, with directions that it pay to his wife $4,500 during her life, and $1,500 to the daughter, Mrs. Ruple. In case of the death of either the widow or daughter, the survivor was to take the whole of the amounts mentioned.

After the death of both the wife and daughter, the trust company was directed to pay to A. W. Ruple the sum of $10,000. The residue of the estate was then to be divided equally between Hiram College and the Associated Charities of Cleveland. By the codicil of July 10, 1909, and for reasons therein set forth, the bequest of $10,000 to Mr. Ruple was revoked. Other changes made by that codicil, and by the codicil of October 20, 1909, do not affect this case and need not be referred to herein. The provisions of the will as executed in 1903, so far as it relates to the bequest to the defendants, and to the $10,000 bequest to Mr. Ruple, read as follows:

"If after the death of my wife, and of my daughter my daughter shall leave no descendants of her own blood, then I give, devise and bequeath my entire estate, then remaining in the hands of The Citizens Savings & Trust Company, and direct it to distribute and pay the same as follows:

"To my son-in-law, A. W. Ruple, if he be living at such time, the sum of ten thousand dollars ($10,-000.00). If my son-in-law be not living at such time, then said ten thousand dollars ($10,000.00) shall remain a part of said estate, to be distributed by said The Citizens Savings & Trust Company as next hereinafter provided.

"One half of the entire remainder of said estate to Hiram College, situated at Hiram, Ohio, the other one half of said entire remainder of said estate to the Bethel Associated Charities, of Cleveland, Ohio."

After the execution of the codicils of 1909, and the revocation of the $10,000 bequest, the provision above quoted was reduced to the following: "If, after the death of my wife, and of my daughter, my daughter shall leave no descendants of her own blood, then I give, devise, and bequeath my entire estate, then remaining in the hands of The Citizens Savings & Trust Company and direct it to distribute and pay the same as follows: One half of the entire remainder of said estate to Hiram College, situated at Hiram, Ohio, the other one half of said entire remainder of said estate to the Bethel Associated Charities, of Cleveland, Ohio."

The claim of the plaintiff is that inasmuch as Section 10504, General Code, renders void any bequest made to charity by a will executed within one year prior to the testator's death, the revocation by the testator of the $10,000 bequest to Mr. Ruple operated to increase the residuum of the estate in the amount of $10,000, and that this revocation having been made within one year prior to the testator's death, the resulting increase of the residuum to this extent is void, and, consequently, that Mr. Newcomb died intestate so far as the $10,000 bequest was concerned.

The petition discloses that the whole residuum of the estate was paid to the two defendants mentioned and it is now claimed that as Mrs. Ruple was the only child of Mr. Newcomb, and as Mr. Newcomb

died intestate so far as the $10,000 was concerned, Mrs. Ruple's administrator is entitled to have Hiram College and the Associated Charities declared trustees as to said sum and to account for that sum to Mrs. Ruple's administrator.

The original section, defining the right of one to dispose of his estate by will, was passed in 1852 (50 Ohio Laws, 297), and is in effect found in what is now Section 10503, General Code. In 72 Ohio Laws, 3, that original section was re-enacted, with a proviso, and that proviso consists of what is now Section 10504, General Code; the severance of the sections having been accomplished by the revisers of the statutes. Section 10504, General Code, is therefore a proviso attached to the preceding section, and is an exception to the right of testamentary disposition conferred by that preceding section. It renders void that which but for its enactment would be vital. It is destructive in purpose and effect. It must consequently be given a strict construction.

The purpose of this section is clear. It is to prevent a testator, under the fears incident to impending death, from disposing of his estate to the prejudice of his descendants. Zollmann on Charities, Section 506.

The statutes of the several states that have seen fit to legislate along this line widely differ. The period preceding death, during which the testator cannot favor a charitable institution, one year under the Ohio statute, is longer than it is in some of the other states. Our statute, however, is more liberal than some others, in that it does not operate at all unless the testator dies leaving issue of his

body. It is apparent therefore that, while this section may incidentally inure to the benefit of others, the object of the statute is to protect the testator's direct issue. *Davis* v. *Davis*, 62 Ohio St., 411, 57 N. E., 317, 78 Am. St. Rep., 725. It recognizes that while generally a testator may dispose of his property as he pleases, a direct descendant shall not be prejudiced by any charitable bequest made within the last year of the testator's life.

In *Lightner's Appeal*, 57 Pa. Super. Ct., 469, the testatrix, as in the case at bar, gave legacies to individuals and bequeathed the residue to a charity at a time in relation to her death outside the condemnation of the statute. Later, as in this case, by codicil, within the proscribed period, she revoked those legacies, thus enlarging the residuum. The court held that the charity could not take so much of the residuum as resulted from the revocation made by the codicil. This case would appear to sustain the plaintiff's position in the case at bar.

The differences in the statutes of Pennsylvania and Ohio are, however, vital. In Pennsylvania, the statute covers only the period of thirty days, and applies to all estates, whether the testator leaves issue or not. In that state the object of the statute clearly is the protection of the estate as a whole and the protection of every one who might be interested therein, while in Ohio, as we have pointed out, the statute only seeks to protect the issue of the testator. The codicil which plaintiff claims the right to avoid in this case, while made within one year prior to the death of the testator, and while made by a testator who died leaving issue of his body, did not in any way affect the interest of any

descendant of the testator. If the original will had stood without the codicil, the $10,000 in controversy would have gone to Mr. Ruple, who is not of the issue of the testator. With the codicil operating, the $10,000 would pass with the residuum to the two defendants herein. The interest of the testator's descendants was unaffected one way or the other by the codicil. It follows that the purpose for which Section 10504 was enacted would not be served by holding that the codicil fails because it was made within a year of the testator's death. Not only does the spirit of the section referred to fail to condemn the codicil, but the letter of the statute likewise fails so to do. That section renders invalid a bequest made to a charity within one year prior to the death of the testator. The defendants in this case are not claiming by virtue of a will made within one year of the testator's death. They are claiming by virtue of the original will that gave to them the residuum of the testator's estate. The amount of that residuum was uncertain at the time the original will was executed, and necessarily continued to be uncertain until the testator's death. A hundred factors might contribute to making it greater or less; and among other things that may enlarge the value of the residuum are lapsed and revoked legacies. If Mr. Ruple had died within one year before the testator, and no codicil had ever been made, the $10,000 legacy to him would have lapsed, and, lapsing, would have passed into the residuum. In such case the defendants' right to the enlarged residuum would scarcely be challenged, for their right to take the enlarged residuum would not proceed from Mr. Ruple's death, which would have

occurred within the year, but from the original will that bequeathed to them the residue of the testator's estate, made prior to the year preceding such death.

If the interpretation thus given to Section 10504, General Code, is sound, no recovery could be had by the plaintiff at any time, or from any party. There are, however, particular reasons why the plaintiff cannot maintain this cause at this time against these parties. The cause of action, if one existed, is barred by the statute of limitations. The only ground urged against the running of some period of limitation is that it is a case of a continuing and subsisting trust, and therefore relieved from any limitation by Section 11236, General Code. If this view were tenable, it would be on the ground that defendants were trustees for the benefit of Mrs. Ruple. The executor of her father's estate was, of course, a direct trustee for Mrs. Ruple's benefit. It is now claimed that because this express trustee paid some money to the trust company, which he ought to have paid to Mrs. Ruple, and the trust company thereafter paid some money to these defendants, such payments of themselves created a trust relation between Mrs. Ruple and these defendants. It is not claimed that these defendants had any contractual relations with Mrs. Ruple, that they ever practiced any fraud upon her, that they ever had any knowledge of any facts that indicated that they were not fully entitled to the money received by them, and it is difficult to see how any relation of trust and confidence ever arose between them. If it be assumed, however, that the failure of the executor to pay Mrs. Ruple the $10,000, and the payment of that sum to the trust company, and

the subsequent action of the trust company in paying that amount to these defendants, created a trust, it must have been a constructive trust only. 2 Wood on Limitation (4th Ed.), Section 200, says: "It is well settled that a subsisting, recognized, and acknowledged trust, as between the trustee and *cestui que* trust, is not within the operation of the statute of limitations. But this rule must be understood as applying only to those technical and continuing trusts which are alone cognizable in a court of equity; and trusts which arise from an implication of law, or constructive trusts, are not within the rule, but are subject to the operation of the statute."

To like effect is 2 Perry on Trusts (7th Ed.), Section 865. In this state it has been held that only direct, express trusts are exempt from the statute of limitations. *Yearly* v. *Long,* 40 Ohio St., 27, 32; *Allen, Admr.,* v. *Deardoff,* 14 Ohio App., 16; *Larwill* v. *Burke,* 19 C. C., 449, 10 C. D., 579. Since if any trust existed at all it would be a constructive and not a direct trust, Section 11236 has no application in this case. The question of what particular statute of limitations applies is one of considerable difficulty. This difficulty, we are convinced, arises from the fact that the petition does not show any relation between the plaintiff and defendants warranting an action of any kind. If conceivably the petition could be deemed to state a cause of action against the defendants, it would be barred by the ten-year limitation. We are unable to see, however, how the defendants can be considered to have wronged the plaintiff or subjected themselves to any liability by receiving from the trust company

all the money that the trust company saw, fit to pay.

For all these reasons the demurrer is sustained, and the petition is dismissed.

*Decree for defendants.*

MIDDLETON, P. J., concurs.

Judges MAUCK and MIDDLETON, of the Fourth Appellate District, sitting by designation in the Eighth Appellate District.