J. F. TAYLOR, J. WINSTON KELSEY and J. M. ANDREWS, as Trustees of the Lake Placid Methodist Church, v. MARY EMMA PAYNE as administratrix de bonis non cum testamento annexo.

17 So. (2nd) 615            January Term, 1944
April 21, 1944                 En Banc
Rehearing Denied May 12, 1944

*W. D. Bell,* for appellants.

*Joe D. Kinsey, Howard G. Livingston, Kinsey & Livingston* and *Ausley, Collins & Ausley,* for appellee.

SEBRING, J.:

R. T. Richards died testate leaving no issue of his body, or adopted children, or lineal descendants of either, surviving him. His last will and testament was executed within six months prior to his death. His widow, Isabelle, was appointed by his will to serve as executrix without bond. At the time of his death Richards was the owner of a certain contract and a certain mortgage, the exact nature of which is not shown by the record, but upon which installments of money were payable to the owner from time to time. By a provision of his will the testator bequeathed to his widow, for life, any proceeds derived from the contract and mortgage during her lifetime, with directions that at her death any balances then due, or thereafter to become due, on the same should be and become the property of the Trustees of the Lake Placid Methodist Church, to be used for the purpose of repairing and painting the buildings on the church property.

At the time of the execution of the will, and the death of the testator, there was in force in the State of Florida Section 20 of the Probate Act of 1933 which provided that if a testator dies leaving issue of his body, or an adopted child, or the lineal descendants of either, or a spouse, and the will of such testator devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, charitable, literary, scientific, religious or missionary institution, corporation or association or purpose, or to this State, or to any other state or country, or to a person in trust for any such purpose or beneficiary, whether such trust appears on the face of the instrument making such devise or bequest, or not, such will as to such devise or bequest shall be invalid unless it was duly executed at least six months prior to the death of the testator. See Sec. 731.19 Florida Statutes, 1941.

The will was admitted to probate in the County Judge's Court of Highlands County on December 5, 1938, and the widow duly qualified as executrix. On September 7, 1939, she died, before administration of the estate had been fully completed. On April 24, 1940, Mary Emma Payne was appointed administratrix with the will annexed of the property, goods and chattels of the estate of P. T. Richards not ad-

ministered. Among the assets of the estate coming into her hands as personal representative were the contract and mortgage above referred to, upon which certain moneys were still due and owing.

On September 16, 1941, the Trustees of the Lake Placid Methodist Church filed their petition in the County Judge's Court of Highlands County reciting the facts we have narrated and alleging that as trustees for the remainderman, Lake Placid Methodist Church, they are entitled to the contract and mortgage and the proceeds thereof, but that the administratrix c.t.a.d.b.n. refuses to turn the same over to them because of the effect of Section 20 of the Probate Act upon attempted devises and bequests to religious institutions made within six months of the death of the testator. The prayer of the petition is that the court construe the will so far as it pertains to the petitioners, declare the rights of the petitioners thereunder, and direct and require the personal representative to account for and disburse to petitioners the proceeds of the contract and mortgage. On motion to strike filed by the personal representative, the County Judge dismissed the petition without leave to amend. Upon appeal taken by the trustees, the Circuit Court of Highlands County affirmed the order of the County Judge, holding that upon the facts averred in the petition the bequest to the trustees was null and void under Section 20 of the Probate Act. This appeal is from that decree.

By their first assignment of error the appellants question the constitutionality of Section 20 of the Probate Act, contending that the statute is violative of the organic law in that it deprives the testator and the legatees of the right to receive, enjoy and dispose of property without due process of law, and denies them the equal protection of the law in the acquisition and disposition of property. The contention is without merit. The right to receive or dispose of property by last will and testament is not an inherent right, nor is it one that is guaranteed by the fundamental law. Nowhere in the Federal Constitution is there any attempt to treat of the matter of disposition of property by will, no reference being made to the subject of testamentary alienation of prop-

erty, either directly or by implication. And except as the power to will property has been limited indirectly by Article X of the Constitution of Florida, which inhibits the alienation of homestead property by will where the owner thereof has children in esse, no effort at constitutional regulation of the subject has been made by the people of the State of Florida. Therefore, the right of testamentary disposition of property does not emanate from the organic law, as contended by counsel, but is a creature of the law derived solely from statute without constitutional limitation. Accordingly, the right is at all times subject to regulation and control by the legislative authority which creates it. The authority which confers the right may impose conditions thereon, such as limiting disposition to a particular class or fixing the time which must ensue subsequent to the execution of the will before gifts to a particular class shall be deemd valid; or the right to dispose of property by will may be taken away altogether, if deemed necessary, without private or constitutional rights of the citizen being thereby violated. Thomas v. Williamson, 51 Fla. 332, 40 So. 831, 834; Patton v. Patton, 39 Ohio St. 590, 596; In re Noyes Estate, 40 Mont. 178, 105 Pac. 1013; In re Beck's Estate, 44 Mont. 561, 121 Pac. 784; In re Walker's Estate, 110 Cal. 387, 42 Pac. 815, 30 L.R.A. 460, 52 Am. St. R. 104; Redfearn on Willis and Administration of Estates in Florida, pp. 42 et seq.

The next question raised on appeal is whether anyone other than the appellants may take the subject matter of the bequest by virtue of the provisions of Section 731.19, Florida Statutes, 1941; the testator having died within six months after the execution of his will leaving surviving him only his spouse, who likewise died shortly thereafter, the subject matter of the bequest then passing into the hands of the administratrix c.t.a.d.b.n. as unadministered assets of the testator.

This is a case of first impression in this jurisdiction. The question as presented calls for the construction of the statute involved. For if it be determined that all bequests to benevolent, charitable, educational or religious institutions made under the circumstances encompassed by the statute are ab-

solutely void, that will put an end to this controversy without further considerations, because, all such bequests being void, the subject matter of this litigation is intestate property which descended in accordance with the statute of descent and distribution upon the death of the testator. On the other hand, if it be our construction that under the statute such bequests are voidable only, at the election of those within the class of persons against whom the statute says such bequests shall be invalid, then whether such legacy vested in the trustees will necessarily depend upon the facts of the case. Our statute is not a mortmain act. The Legislature never intended by the enactment of the statute to place any restriction upon the right of benevolent, charitable, educational, or religious institutions to take and hold property; but only to place a limitation upon the right of testators to dispose of their property to such institutions when the conditions that are detailed in the statute exist. The purpose of the statute is clear; it is to protect the widow and children from improvident gifts made to their neglect by the testator; the design of the statute being obviously to prevent testators who may be laboring under the apprehension of impending death from disposing of their estates to the exclusion of those who are, or should be, the natural objects of the testator's bounty. See Ruple v. Hiram College, 35 Ohio App. 8, 171 N.E. 417; In re Dwyer's Estate, 159 Cal. 680, 115 Pac. 242; 10 Am. Jur. pp. 601-602; 68 C.J. p. 547, Sec. 167; Pagé on Wills 2nd Ed. Sec. 30.

Whether the legislative philosophy behind such enactment is sound may be debatable. But the power of the Legislature to enact such a statute may not be doubted. In construing the statute, however, it must be remembered that by other statutes in this State every person, male or female, married or single, who is at least eighteen years of age and who is of sound mind may make a will (Sec. 731.04, Florida Statutes, 1941) and that, subject to certain constitutional and statutory limitations, especially as to homestead and dower rights, such persons may ordinarily dispose of their property in this jurisdiction in any manner that they may see fit. Section 20 of the Probate Act places a serious restraint upon this

otherwise virtually absolute power of testamentary disposition now accorded the citizen by declaring that under certain specified situations testamentary gifts shall be invalid. Being a limitation upon the board statutory right or privilege given to all people universally to dispose of other accumulations at death according to their individual desires, the statute should be given such construction only as will secure full protection to those persons designed to be shielded by its provisions (Thomas v. Board of Trustees, 70 Ohio State 92, 70 N.E. 896; Ruple v. Hiram College, 35 Ohio App. 8, 171 N.E. 417) and yet at the same time allow as much effect as possible to be given to the cardinal rule for the construction of wills; that the intention of the testator shall prevail unless violative of some positive or settled rule of law to the contrary.

Giving the statute such construction, it is our view that the fact of the existence of issue of the body of the testator, or adopted children, or lineal descendants of either, or a spouse, does not render a testamentary bequest made to a benevolent, charitable, educational, or religious institution within six months of the death of the testator ipso facto void but voidable only, at the election of the spouse, or children, blood or adopted, or their lineal descendants. The prohibition of the statute not being made in the public interest but only for the prevention of that which the Legislature has regarded as a private wrong, and no contrary principles of right or public policy being involved, those for whose benefit the statute was enacted may waive or relinquish the protection afforded thereby, if they are of the mind to do so, and ratify or confirm a bequest which but for the mere absence of a sufficient period of time between the execution of the will and the death of the testator would be absolutely valid. Page on Wills 2nd Ed. Sec. 31; Folsom, et al., v. Board of Trustees Ohio State University, 210 Ill. 404, 71 N. E. 384; Thomas v. Board Trustees, 70 Ohio St. 92, 70 N.E. 896; Trustees of Amherst College v. Ritch, 151 N. Y. 282, 335, 45 N. E. 876, 891, 37 L.R.A. 305; Re Hills' Estate, 264 N. Y. 349, 191 N. E. 12, 93 A.L.R. 1380; Karolusson v. Paonessa, 207 Iowa 127, 222 N. W. 431.

Whether in a given case there has been a waiver or relinquishment of the statute by one coming within its protective features, or a ratification or confirmation of the bequest by one entitled to ratify or confirm, is a question of fact to be determined as all other questions of fact are determined in appropriate proceedings. In the present case the Trustees of the Lake Placid Methodist Church have pressed their claim to the subject matter of the bequest in the hands of the administratrix c.t.a.d.b.n. by originating a proceeding in the county judge's court under its probate jurisdiction to entertain direct proceedings for the construction of wills, and to require payment and delivery of legacies or distributive shares before final settlement of accounts. See Secs. 77, 159, 160, Probate Act, 1933 (Secs. 732.41, 734.02, 734.03, Florida Statutes, 1941). From the record in the case it appears that at the time of the death of Isabelle Richards, the widow and executrix under the will of P. T. Richards, deceased, the estate of the testator had not been entirely administered; hence, it became necessary for a personal representative to be appointed to complete administration of the estate. Mary Emma Payne was appointed by the court and duly qualified as administratrix c.t.a.d.b.n. of the estate of P. T. Richards, and the unadministered assets of his estate came into her hands to be held by her in her representative capacity for the payment of debts of the deceased, and the eventual discharge of legacies created by the last will and testament. During the pendency of the administration and before final settlement of accounts this present proceeding was instituted by the Trustees of the Lake Placid Methodist Church filing a petition in the county judge's court for the construction of the will under which they claimed, for a declaration of their rights thereunder, and for an order requiring the subject matter of the legacy to be turned over to them. The petition recited the controversy between the parties and prayed for a construction of the will and a declaration of the rights of the parties in the light of the statute. Thus was squarely raised by the trustees themselves the validity of a charitable bequest which appeared valid on the face of the will but which was invalid

by the words of the statute. The administratrix c.t.a.d.b.n. was made a party respondent and required to answer the petition. Under those circumstances she had the right—indeed it was her duty—to question whether the deceased spouse (the only person within the protected class who was in esse at the death of the testator) had during her lifetime waived or relinquished the protection of the statute or had ratified or confirmed the bequest which otherwise was invalid as to her. The administratrix c.t.a.d.b.n. saw fit to raise the question by filing motion to strike the petition; which had the effect of admitting the truth of all facts well pleaded.

On the face of the petition the bequest to the trustees of Lake Placid Methodist Church was invalid under the statute, so far as Isabelle Richards was concerned. Before the trustees could have prevailed under the circumstances it was incumbent upon them to show that Isabelle Richards had waived or relinquished the protection of the statute, or had in some manner ratified or confirmed the bequest which as to her was otherwise invalid. The trustees failed to make such facts appear. There was no error, therefore, in the judgment entered by the circuit court confirming the order of the County Judge's Court of Highlands County.

Judgment affirmed.

BROWN, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BUFORD, C. J., and TERRELL, J., dissent.