### In re JUEN'S WILL.

County Judge's Court, Palm Beach County.

March 25, 1954.

Farish & Farish, West Palm Beach, for the estate.

Harry A. Johnston of Gedney, Johnston & Lilienthal, West Palm Beach, for the church.

Phillip D. O'Connell, West Palm Beach, for Louise J. Tsaconas.

RICHARD P. ROBBINS, County Judge.

This cause came before me on the petition of Lina Tsaconas Microutsicos, as executrix, and John H. Moore, Jr., as administrator d. b. n. c. t. a. of the estate of Emil C. Juen, deceased, for an order construing certain provisions of the last will and testament of the deceased and for a determination of beneficiaries thereunder. Answers were filed by the Mother Church, First Church of Christ, Scientist, of Boston, named as the residuary legatee, and by Louise J. Tsaconas, a sister and one of the named contingent residuary legatees in the will.

Emil C. Juen died on October 11, 1952, within six months from the date of the execution of his will, which he signed on August 27, 1952. The will was admitted to probate in this court on October 13, 1952. He died without leaving issue of his body, an adopted child, or lineal descendants of either, or a spouse. Emma Louise Mascord, the life tenant referred to in the fourth paragraph of the will which is being construed, died on March 22, 1953. The fourth paragraph of the will provides as follows—

> *Fourth:* I give, devise and bequeath to my sister, Emma Louise Mascord, of West Palm Beach, Florida, for life, all the rest, residue and remainder of the property, real, personal or mixed, of whatsoever kind

and character and wheresoever situate, of which I shall die possessed, or which shall be subject to my disposition by will; and upon the death of said sister all of my said property I give, devise and bequeath unto The Mother Church, The First Church of Christ, Scientist, Boston, Massachusetts, to be used for the cause of Christian Science in France. However, in the event that I die within six months from date of this will, making the bequest herein to The Mother Church, The First Church of Christ, Scientist, Boston, Massachusetts, void as being a charitable bequest then in that event all of my estate devised and bequeathed to said Church I devise and bequeath as follows: One half to my sister, Louise J. Tsaconas, of Lake Park, Florida, and one half to my sister, Julie E. Olson, of Rumson, New Jersey.

In her answer to the petition Louise J. Tsaconas states, as a matter of affirmative defense, that by the fourth paragraph of Juen's will (above set out in full) the gift in remainder to the Mother Church is void and of no effect because the testator died within six months from the date of the execution of his will, and she contends that the alternative gift over in remainder of one-half of the estate is a valid bequest to her and in full force and effect.

Responding to the petition, the Mother Church contends that under the fourth paragraph of the will the devise to the church did not become void as a charitable bequest under the provisions of section 731.19, Florida Statutes 1951, because the decedent at the time of his death left no issue of his body or adopted child or lineal descendants of either or a spouse (the only classes of persons who could avail themselves of the provisions of the statute) and that upon the death of the life beneficiary the respondent became the sole residuary legatee under the will. Section 731.19 follows—

*Charitable devises and bequests.*—If a testator dies leaving issue of his body or an adopted child, or the lineal descendents of either, or a spouse, and if the will of such testator devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, charitable, literary, scientific, religious or missionary institution, corporation, association, or purpose, or to this state, or to any other state or county, or to a county, city or town in this or any other state or county, or to a person in trust for any such purpose or beneficiary, whether or not such trust appears on the face of the instroment making such devise or bequest, such will as to such devise or bequest shall be invalid unless it was duly executed at least six months prior to the death of the testator.

In Taylor v. Payne, 17 So. 2d 615, our Supreme Court said at page 618—"The purpose of the statute is clear: it is to protect the widow and children from improvident gifts made to their neglect by the testator; the design of the statute being obviously to prevent testators who may be laboring under the apprehension of impending death from disposing of their estates to the exclu-

sion of those who are, or should be, the natural object of the testator's bounty." And the Court held in that case that the death of the testator within the six months period does not render the bequest ipso facto void but voidable only, at the election of the spouse, or children, blood or adopted, or their lineal descendants.

In construing the language of the testator, "in the event that I die within six months from the date of this will, making the bequest herein to The Mother Church, The First Church of Christ, Scientist, Boston, Massachusetts, void as being a charitable bequest, etc.," the court must assume that the testator knew the limitations imposed by law upon his testamentary power and was striving to comply with those limitations. The construction which makes the provisions of the will comply with the statute which the testator obviously had in mind is preferred although the assumption that he actually knew the law seems fictitious. See Page on Wills, Lifetime ed., vol. 2, page 842.

It is my conclusion that it was the testator's intention to make the Mother Church the sole legatee and devisee of the residuum of his estate, to be used for the cause of Christian Science in France, unless said church would be prohibited from receiving the same because of the provisions of the statute, and since there is no such impediment, under the facts of this case, it is ordered, adjudged and decreed that The Mother Church, The First Church of Christ, Scientist, Boston, Massachusetts, is the sole residuary legatee and devisee and is entitled to receive the residuum of the estate of Emil C. Juen, deceased, under the provisions of the fourth clause of his will, to be used for the cause of Christian Science in France.