### In re RASEY'S WILL.
### No. 25372.

Circuit Court, Broward County, Civil Appeal.

October 4 and 17, 1957.

John W. Douglass and Byrd & Dressler, all of Fort Lauderdale, for Syracuse University.

Anderson & Gundlach and McCune, Hiaasen, Kelly & Crum, all of Fort Lauderdale, for First National Bank of Miami and Boyd H. Anderson, Jr., Executors and Trustees under the Will of Nellie E. Rasey, Deceased.

G. H. Martin, Fort Lauderdale, for Marjorie Fox, Guardian of the Person of Helen M. Rasey, Incompetent, F. Belle Hunziker, Dora Burne Nagel and Maude Burne Starr.

J. B. Patterson, Fort Lauderdale, for the Guardian of the Property of Helen M. Rasey, Incompetent.

Rogers, Morris & Griffis, Fort Lauderdale, for Children's Home Society of Florida and Father Flanagan's Boys Town.

McGee & McGee, Lake Worth, for Children's Home of Williamsville, N. Y., Old Folks Home, Herkimer, N. Y., and Genessee-Wesleyan Seminary, Lima, N. Y.

Berryhill, Leaird & Tedder, Fort Lauderdale, for North Broward Hospital District.

**R. O. MORROW, Circuit Judge.**

*Order on appeal, October 4, 1957:* This is an appeal from the county judge's court of Broward County wherein a circuit judge, sitting in the place and stead of the county judge, entered the order appealed from. Tersely, the facts are that Nellie E. Rasey died within six months after making her last will and testament. Under the will her incompetent adult daughter, Helen M. Rasey, received a life estate in her mother's estate, subject to certain bequests. The executors-trustees had authority to invade the corpus of the estate in their absolute discretion, and at the death of the daughter the remainder was to be distributed to certain charities.

The appellant petitioned the lower court under section 745.23, Florida Statutes, asking the court to elect for said incompetent (or instruct the guardian of the property of the incompetent to do so) to waive the protection of section 731.19, Florida Statutes, insofar as that section pertained to the incompetent daughter.

The record is voluminous. The order appealed from ably and carefully states the facts and the law.

The lower court found that "the best interest of the ward does not require the election to be exercised." With this finding of fact all parties are in agreement.

The main question here presented is whether the bequests to charities are in this case void. Appellant contends that the best interests of the ward are not affected whether an election is made or not, and therefore the charitable bequests under the will are not void. Appellant further contends that the court in not making the election has in effect made an election in behalf of the testator's next of kin.

Taking the questions in inverse order, this court cannot agree with the reasoning that no election is in fact an election. The case which appears to govern the case at bar is Taylor v. Payne (Fla.), 17 So. 2d 615, app. dism'd 323 U.S. 666, 154 A.L.R. 677. In that

case the Supreme Court held the charitable bequest to be voidable only by virtue of section 731.19 and further stated that those for whose benefit the statute was enacted "may waive or relinquish the protection afforded thereby, if they are of the mind to do so . . ."—further stating that it was incumbent upon the beneficiary of the charity to show that the person receiving the benefit of the statute "had in some manner ratified or confirmed the bequest which as to her was otherwise invalid."

Construing both statutes together by operation of law, the charitable bequests in this case are void because there has been no affirmative action to waive or relinquish the benefits of section 731.19. The statute directs what remaindermen take and not the fact that the trial judge made no election.

As to the first question all parties agree that the best interest of the ward does not require an election to be made. When this fact is established, the county judge is under no mandate to make an election and in fact it would be error for him to do so.

The entire record has been carefully reviewed and considered, and this court finds no error committed by the trial judge in the entry of the order appealed from. Affirmed.

*Amending order, October 17, 1957:* It has been called to the attention of the court by a motion for a rehearing that one of the parties hereto in no way agreed that the best interest of the ward did not require an election to be made. No inference was intended that the parties had stipulated to such a fact.

It is ordered that the court's "Order on Appeal" entered herein on October 4, 1957 is amended in the following particulars—on page one thereof strike the following words: "With this finding of fact all parties are in agreement."—and on page two strike the following words: "As to the first question all parties agree that the best interest of the ward does not require an election to be made." Insert in lieu thereof the following: "As to the first question it appears that the ward will receive the optimum or maximum benefit under the will, whether or not an election is made."