CARROLL, CHAS., Chief Judge.
This is an appeal by a curator for the estate of one Harry J. Lohbiller, an incompetent, from an order of the county judges’ court in Dade County, pertaining to *249 a probate matter, overruling plaintiff’s filed objection to certain charitable bequests, and ordering distribution.
The principal actions and occurrences which gave rise to this controversy took place in 1955. The Lohbillers entered into a separation agreement dated February 8. The wife, Iolia, sued Lohbiller for separate maintenance on February 10. Her will was made on March 3. She died June 6, and her will was admitted to probate June 9.
On June 28 Lohbiller executed the controverted waiver, and it was filed July 1. Lohbiller remarried August 3, 1955, and he was adjudged incompetent on May 1, 1956.
Iolia’s will made certain charitable bequests in substantial amounts. Under the probate law as it stood at the time (§ 731.19, Fla.Stat.1955, F.S.A.), her will, which was made less than six months before death, was voidable by the surviving spouse, as to such charitable bequests. Taylor v. Payne, 154 Fla. 359, 17 So.2d 615, 154 A.L.R. 677.
Distribution under the will, taking into account the waiver executed by Lohbiller, was challenged by the curator upon contending that the waiver should be set aside on the ground that Lohbiller was incompetent and unable to understand the legal effect of the waiver which he executed. The curator’s appeal from the order of distribution which overruled that objection turns on the question of Lohbiller’s •capacity to execute the release.
Evidence introduced for the purpose of showing Lohbiller’s competency included testimony of an attorney who had represented him personally and whom he consulted regarding the waiver. Appellant contends the court erred in receiving the lawyer’s testimony over objection that it was a privileged communication which only the client (Lohbiller) could release. In view of our disposition of this appeal, as set out hereinbelow, it is unnecessary for us to decide that question.
The county judge had before him the testimony of certain medical experts and laymen, bearing on the physical and mental condition and capacity of Lohbiller at and around the time involved. There is no need to extend this opinion by summarizing and restating the evidence. We have examined and considered the briefs and the record, and conclude that there was competent substantial evidence, aside from and in addition to that given by the attorney referred to above, to support the findings and conclusions of the county judge on that issue.
It was the problem and the duty of the trial judge to reconcile the conflicts and evaluate the testimony, to judge the credibility of the witnesses and determine the reasonableness and weight of the evidence presented. It is our duty, on review, to affirm his decision, unless it is made to appear that there was an absence of substantial competent evidence to support the county judge’s findings or that he misapprehended the legal effect of the evidence as a whole. Gair v. Lockhart, Fla.1950, 45 So.2d 193; In re Zimmerman’s Estate, Fla.1956, 84 So.2d 560; see Tyler v. Tyler, Fla.App.1959, 108 So.2d 312.
Having thus considered the case and finding no error, the order appealed from should be and hereby is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.