KANNER, Acting Chief Judge.
Iva Neil Blankenship died on February 25, 1958, leaving a last will executed February 22, 1958, three days before her death. In this will she left to her sole heir at law, a married daughter, Thelma Grace Brown, only ten dollars, with most of her estate, appraised at $15,646.65, being willed to the Hillsborough County Association for the Blind and Damon Runyon Memorial Fund for Cancer Research, Inc. Mrs. Brown sought to avoid the named charitable and scientific bequests upon the ground that they are invalid under section 731.19, Florida Statutes, F.S.A., as amended by the 1957 Legislature. The court denied Mrs. Brown’s petition, whereupon this appeal was instituted.
The stipulated statement of the parties admits that there were four wills containing substantially the same charitable and scientific bequests, two executed more than six months prior to Mrs. Blankenship’s death and two executed within that period of time. It is admitted that these wills were executed in accordance with the laws of Florida. One of the wills prior to the six months preceding the testatrix’s death was executed April 12, 1956, and amended by a codicil July 1, 1957, while the succeeding one was executed on or about July 6, 1957. Mrs. Brown admits that either of these two wills would have sufficed to preclude any objection to the validity of the subject bequests under section 731.19 had a subsequent additional will next preceding the final one not been executed in January, 1958, within six months of Mrs. Blankenship’s death. Again, Mrs. Brown admits that the January will contained substantially the same charitable and scientific bequests as provided in the two previous wills and in the last will.
In this appeal the quiddity rests within the construction of section 731.19. Prior to 1957, this statute provided in effect that if a testator died leaving an heir and bequeathed his estate or any part of it to charitable or scientific institutions, the will was not valid as to such bequests unless it had been duly executed at least six months prior to the death of the testator. The statute as it existed prior to 1957 read :
“If a testator dies leaving issue of his body, or an adopted child, or the lineal descendants of either, or a *521 spouse, and if the will of such testator devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, charitable, literary, scientific, religious or missionary institution, corporation, association or purpose, or to this state, or to any other state or country, or to a county, city or town in this or any other state or country, or to a person in trust for any such purpose or beneficiary, whether or not such trust appears on the face of the instrument making such devise or bequest, such will as to such devise or bequest shall be invalid unless it was duly executed at least six months prior to the death of the testator.”
The 1957 enactment adds the following provision :
“ * * * or unless testator, by his will duly executed immediately next prior to such last will and more than six months before his death, made a valid charitable bequest or devise in substantially the same amount for the same purpose or to the same beneficiary, or to a person in trust for the same person or beneficiary as was made in such last will. The making of a codicil within the six-months period before testator’s death, which codicil does not substantially change a charitable devise or bequest as herein defined, shall not render such charitable gift ineffective under this section. This section shall not be construed to apply to devises or bequests made to institutions of higher learning.”
Mrs. Brown urges that the statute must be literally interpreted and that the words “immediately next prior” can refer only to the next to the last will executed by her mother. Since the “immediately next pri- or” will was one which also was not executed more than six months prior to Mrs. Blankenship’s death, then the last will as to the charitable bequests, she says, is avoidable.
The purpose of the statute as it stood before the amendment was “to prevent testators who may be laboring under the apprehension of impending death from disposing of their estates to the exclusion of those who are, or should be, the natural objects of the testator’s bounty” and also “to secure full protection to the shielded class, at the same time giving as much effect as possible to the intention of the testator insofar as it is not inconsistent with some settled rule of law or public policy.” In re Pratt’s Estate, Fla.1956, 88 So.2d 499, 501; and Taylor v. Payne, 1944, 154 Fla. 359, 17 So.2d 615, 618, 154 A.L.R. 677. This purpose thus enunciated was not changed by the amendment.
In re Pratt’s Estate is a case urged by Mrs. Brown to support her position, but that case does not control here, since the question now posed for solution concerns the statute as it has since been amended. In that case, the will involved made certain charitable bequests and was executed within the six months’ period prior to the testator’s death. Another will validly execut- ’ ed more than six months before his death-had made like charitable bequests. It was held that the statutory prohibition avoided these charitable gifts, and the doctrine of “dependent relative revocation” there sought to be invoked was rejected. In the opinion, the rigidity of the statute was pointed out, but the court indicated that the restrictive scope of the law was a problem for the legislature. Coming as it did at the next legislative session following the Pratt decision, the amendment obviously purports to mitigate the severity of the then existing statute.
A court in construing a statute must be guided by the legislative intent, even though the construction rendered might appear to contradict the strict letter of the statute. A literal interpretation should not be accorded if it leads to an unreasonable conclusion or to a result not contemplated by the law-making body. State ex rel. *522 Hughes v. Wentworth, 1938, 135 Fla. 565, 185 So. 357; and City of Fort Lauderdale v. Des Camps, Fla.App.1959, 111 So.2d 693.
To hold Mrs. Blankenship’s final will as to the charitable and scientific bequests to be avoidable would be the same as saying that the testatrix on one day during the six months prior to her death could have tes-tamentarily expressed these bequests and, as admitted by Mrs. Brown, they would have been good if there was also a will containing these bequests prior to the six months’ period; but that if she upon the next day repeated the same dispositive intent through yet another will, then the existence of the will made prior to the six months’ period would have no effect, and the same disposi-tive intent evinced throughout would therefore be in vain. It is conceded that had there been only one will expressing the charitable bequests during the six months preceding Mrs. Blankenship’s death, these bequests would have been valid by virtue of the wills making like gifts prior to the six months’ period. What, then, could be the distinction in the effect of Mrs. Blankenship’s last will and her next preceding will ? What we have here is simply the same will twice expressed within the interdictory period.
This court is not confronted with inconsistency or substantial difference of any will as to charitable gifts executed either during or prior to the prohibitive period. The statute as applied to the facts of this case certainly could not have the illogical result of nullifying the long-nurtured, unwavering, and severally expressed bequests because of their reiteration by Mrs. Blankenship twice instead of once during the final six months of her life. We accordingly uphold the bequests under attack in the final will and affirm the judgment of the court below.
Affirmed.
.SHANNON, J., and STEPHENSON, GUNTER, A. J., concur.