122 So.2d 466 (1960)
In re ESTATE of Iva Nell BLANKENSHIP, Deceased.
Thelma Grace BROWN, Petitioner,
v.
J.L. REED & SON, as Trustees, et al., Respondents.
Supreme Court of Florida.
June 15, 1960.
Rehearing Denied August 8, 1960.
*467 R.G. Tittsworth of Tittsworth & Tittsworth, Tampa, for petitioner.
C.R. Talley of Coles & Himes, Tampa, for respondent Damon Runyon Memorial Fund for Cancer Research, Inc.
Edward J. Kohrs of Macfarlane, Ferguson, Allison & Kelly, Tampa, for respondent Hillsborough County Ass'n for the Blind.
O'CONNELL, Judge
In this petition for certiorari petitioner, Thelma Grace Brown, contends that the opinion and decision of the District Court of Appeal, Second District, in this cause as reported in 114 So.2d 519 is in direct conflict with the opinion of this Court in the case of In re Pratt's Estate, Fla. 1956, 88 So.2d 499.
This cause originated in an effort by petitioner to have voided certain charitable and scientific bequests contained in the last will of Iva Neil Blankenship, deceased, who was the mother of petitioner. Petitioner sought to have the county judge declare such bequests void under the provisions of § 731.19, F.S. 1957, F.S.A. The county judge refused to avoid the bequests and the district court affirmed.
The only facts necessary to be related pertain to the dates of execution of several wills made by decedent and the date of her death.
As recited in the district court's opinion decedent executed wills (1) on April 12, 1956, (2) on July 6, 1957, (3) in January 1958, and (4) on February 22, 1958.
Decedent died three days after executing the last will. Therefore her last will and her next to the last will were both executed within six months of her death.
All of the wills contained substantially the same charitable and scientific bequests.
As it existed prior to its amendment in 1957, § 731.19 rendered invalid a charitable bequest contained in a last will executed within six months of the death of the testator, if the testator left surviving one or more heirs belonging to the classes specified in the statute. This Court has interpreted this statute to provide that such bequests were not "ipso facto void but voidable only" at the election of those who would benefit by causing such bequests to be made void. Taylor v. Payne, 1944, 154 Fla. 359, 17 So.2d 615, 618, 154 A.L.R. 677, appeal dismissed 323 U.S. 666, 65 S.Ct. 49, 89 L.Ed. 541, rehearing denied 323 U.S. 813, 65 S.Ct. 113, 89 L.Ed. 647.
Following the decision in the Pratt case rendered in March 1956, the 1957 session of the legislature amended § 731.19 to read as it now does and did at the time the testatrix executed her last will.
*468 By the 1957 amendment the statute was changed in several respects, but in the case now before us we are concerned only with that change which provides that charitable bequests are not voidable, even though the last will be executed within six months of the testator's death, if the testator "* * * by his will duly executed immediately next prior to such last will and more than six months before his death, made a valid charitable bequest or devise in substantially the same amount for the same purpose or to the same beneficiary * * *" (Emphasis added.)
Prior to the amendment the statute prohibited charitable bequests, with the exception that they were to be held valid if the last will in which the bequests were contained was made at least six months prior to the testator's death.
By the subject provision another exception to the prohibition against such bequests was added. This additional exception contains two conditions which must both exist before it can operate to aid a charitable bequest contained in a last will executed within six months of the testator's death. They are: (1) the testator must have expressed substantially the same bequest in a will executed immediately next prior to his last will, i.e. in the next to the last will made by him, and (2) the next to the last will must have been executed at least six months before the testator's death.
In other words prior to the amendment the validity of the charitable bequest was determined by the date of execution of the last will only in relation to the date of death of the testator, while under the subject provision of the amendment the validity of such a bequest is determinable by reference to the date of execution not only of the last will but of the next to the last will also.
The result of the subject provision of the amendment therefore is to merely add another exception to the prohibition against charitable bequests contained in the statute, an exception which is in itself restricted and defined in clear and unambiguous language.
We come then to what we regard as the conflict between the decision of the district court and the decision of this Court in the Pratt case, supra.
In the Pratt case, supra, this Court stated the purpose of the statute as defined in Taylor v. Payne, supra, to be to prevent testators who may be laboring under the apprehension of impending death from disposing of their estates to the exclusion of those who are, or should be, the natural objects of the testator's bounty. Then at 88 So.2d, page 501, the court laid down the rule of construction to be applied to such a statute saying:
"* * * Thus the statute is to be neither strictly nor narrowly construed. But its plain language, from which we cannot deviate, is broad enough to encompass many cases where a testator, by no means in extremis or even contemplating death, makes a charitable bequest and dies shortly thereafter. The statutory coverage is much more comprehensive than its apparent purpose would warrant, but the restriction of its scope is a problem for the legislature." (Emphasis added.)
The district court, being of the opinion that the rule above quoted from the Pratt case did not control this case because the statute had been amended since the Pratt decision was rendered, prescribed a different rule of construction, saying [114 So.2d 521]:
"A court in construing a statute must be guided by the legislative intent, even though the construction rendered might appear to contradict the strict letter of the statute. A literal interpretation should not be accorded if it leads to an unreasonable conclusion or to a result not contemplated by the law-making body."
Utilizing this theory of statutory construction the district court felt free to and *469 did construe the statute so as to give effect to the four times expressed charitable bequests despite the fact that both the last will and the next to the last will of the testatrix were executed within six months of her death. Under the plain language of the additional exceptions added by the 1957 amendment, the exception can only be relied upon to save a charitable bequest when both of the conditions set forth in the amendment exist.
We think that in adopting the rule of statutory construction above quoted, and in construing the subject provision of the amended statute as it did, the district court departed from the decision of this Court in the Pratt case. Consequently, the decisions in this case and in the Pratt case are in conflict. We have reconsidered the rule announced in the Pratt case in light of the conflict involved herein and are convinced that we should adhere to the rule of construction announced therein.
It cannot be denied that the district court and the county judge's court followed logic and reason in arriving at their disposition of this cause. As pointed out by the district court, following a literal interpretation of the statute in this case produces a result which may seem to be illogical. In this case had the testatrix executed only one will during the last six months of her life the charitable bequests would have been valid. It does seem illogical to invalidate the bequests merely because the testatrix expressed the bequest twice instead of once in the interdictory period.
But the fact that a literal interpretation of the plain language of the statute in some cases, i.e. those cases in which the last will and the next to the last will are both executed within six months of testator's death, produces a result which seems to be illogical does not warrant the courts deviating from the plain language of the statute in search of a more logical result.
We point out that while the result of the statute seems to be illogical in cases where both the last will and the next to the last will are executed within six months of the death of the testator, it is not so in those cases where the next to the last will is executed at least six months prior to the death of the testator. In any event it cannot be said that the results produced by a literal interpretation of the statute were not intended and foreseen by the legislature.
In such last mentioned instances the statute has the effect of recognizing the prior expressed dispositive intent of the testator and thereby lessens the restriction of the statute as it existed prior to the amendment.
We therefore agree with the district court that "the amendment obviously purports to mitigate the severity of the then existing statute."
But the legislature, by words clear and unambigous, spelled out the extent to which it was willing and intended to mitigate the severity of the statute. The courts cannot extend it further.
For whatever its reasons were the legislature specifically limited consideration of prior dispositive intent to the next to the last will and then only if it was executed more than six months before the testator's death. This it had the power to do.
In dealing with cases such as this it must be remembered that the right to dispose of property by will is neither inherent nor is it protected by our state or federal constitutions. The right is a creature of statute, subject at all times to prohibition, regulation, and control by the legislature. Taylor v. Payne, supra.
The legislature is not bound to follow reason or logic in such statutes. As this Court stated in Taylor v. Payne, supra, 17 So.2d at page 618:
"Whether the legislative philosophy behind such enactment is sound may be debatable. But the power of the legislature to enact such a statute may not be doubted. * * *"
*470 Therefore, even though the result produced by following the plain words of the statute may seem to be illogical the statute must be given its plain meaning. There is no expression of legislative intent which would justify a contrary interpretation.
We recognize that the facts of this case indicate clearly that the testatrix had expressed the same dispositive intent toward the same charitable beneficiaries over a period of almost two years in four separate wills. It may well be that Mrs. Blankenship was not one who was laboring under the apprehension of impending death when she made the bequests to the charitable beneficiaries and therefore she was not one of those intended to be subject to the prohibitions of the statute. It would appear, therefore, that the additional exception to the prohibition of the statute, added by the 1957 amendment, is narrower than logic and reason would warrant, and that the prohibition of the statute is still more restrictive than necessary to accomplish the purpose of the statute.
Admitting for the purpose of argument that the additional exception is too narrow or the prohibition too broad to accomplish its intended purpose "* * * the restriction of its scope is a problem for the legislature." Pratt, 88 So.2d at page 501. The courts cannot do it.
Every statute which is tailored in inflexible terms designed to be applied generally without exercise of judicial discretion in its application is certain to and does result in a seeming or actual injustice in some specific cases. This may be such a specific case. But this is a weakness of the statute and, again, the courts may not remedy it.
We have not overlooked the contention of the appellees that the decision in the Pratt case is not applicable here. This contention is based primarily on the fact that the statute was amended after the Pratt decision. The district court held that the Pratt decision was not applicable for that reason.
It does not follow as a matter of course that a court decision interpreting a statute is rendered inapplicable ipso facto by a subsequent amendment to the statute. The effect of the decision as binding precedent must in each instance be determined by the nature and effect of the amendment to the statute as well as by the breadth of the court decision and the questions decided in it, as those questions may be applicable to the statute after amendment.
The decision in the Pratt case, insofar as it relates to the construction and application of § 731.19 before its amendment, prescribes a broad principle of law relating to prohibitory statutes of this kind.
As amended in 1957, the statute retained all of its prohibitory character. The prohibition against charitable bequests was lessened somewhat, but in each instance by an exception drawn with such meticulous care as to be capable of application with mathematical certainty. There is no expression of legislative intent except that delineated in clear and unambiguous terms. It is inescapable that the only effect of the amendment is to create additional clear-cut exceptions to the prohibition of the statute, and that no change was made which would justify a construction of the new exceptions in a manner different from that which this Court, in the Pratt case, said was applicable to such a statute.
We therefore hold that the rule of construction prescribed in the Pratt case is applicable to the statute as amended.
The fact that the right of the individual to distribute his property by will is not constitutionally protected is disturbing in a state and country where private ownership of property with all of its incidents is so highly treasured. It will be a surprise to many who labor under the impression that the making of a will disposing of property is an inherent right.
Perhaps the subject is worthy of an amendment to our state constitution with *471 the view of guaranteeing the right to dispose of property by will subject only to reasonable regulation by the legislature so as to protect the natural objects of the testator's bounty.
For the reasons above expressed the judgment of the district court is quashed, and the cause remanded for further proceedings consistent with this opinion.
It is so ordered.
THOMAS, C.J., and DREW and THORNAL, JJ., concur.
ROBERTS, J., dissents.