ALLEN, Chief Judge.
Appellant, William H. Whelpley, brings this appeal to review the orders of the probate judge (1) granting a petition to avoid a charitable bequest; (2) denying a petition for rehearing.
Catheryne H. Lane died testate May 18, 1964. The testatrix was survived by the appellant, her son, and three grandchildren, the appellant’s children. Her will, dated December 20, 1963, made several specific bequests and, by the residuary clause, created three testamentary trusts in favor of her three grandchildren. The testatrix, by the paragraph of the will *259 labeled “Ninth,” attempted to bequeath $50,000 to a hospital (not an institution of higher learning). The appellant received nothing under the will.
Appellant and the Union Trust Bank of St. Petersburg, Trustee of the residuary trusts, filed timely petitions to have the charitable bequest to the hospital set aside under section 731.19, Fla.Stats., F.S.A. of the Florida Probate Law. After the hearing on these petitions, the County Judge held:
“6. The bequest to VASSAR BROTHERS HOSPITAL is avoided by reason of Chapter 731.19, Florida Probate Law, * *
“7. The term avoided as used in the Statute means to annul, cancel; or make void.
“8. The declaration of a Court making void a bequest to a charitable institution places said bequest in the category of a void legacy.
“9. A void legacy, under Chapter 731.-20, Florida Probate Law, First Part, Florida Statutes, 1963, shall become a part of the residuum and shall pass to the residuary legatee unless a contrary intent is expressed in the will.”
Appellant’s argument in essence is: (1) that the bequest is voidable not void; (2) that Florida case law requires the avoided legacy to pass by intestacy; and (3) that section 731.20, providing for lapsed legacies, does not apply to avoided charitable bequests.
We agree with appellant that the avoided bequest is more properly termed “voidable” instead of “void.” See: Taylor v. Payne, 1944, 154 Fla. 359, 17 So.2d 615, 154 A.L.R. 677. However, this error in legal terminology will, in this case, have no effect on an otherwise correct determination. “It is the settled practice of this court to affirm a decree of the lower court even though it is based on an erroneous ground if the result is justified on any other ground appearing in the record. * * * ” Escarra v. Winn Dixie Stores, Inc., Fla.1961, 131 So.2d 483.
There is no doubt the avoided legacy to the hospital has lapsed. A lapse is the failure of a testamentary gift. Black, Law Dictionary 1023 (4th ed. 1951). A “lapsed legacy” is one which does not take effect because of the incapacity of the donee to take. Sherman v. Richmond Hose Co. No. 2, 101 Misc. 62, 166 N.Y.S. 586, 589 (1917); Booth v. Baptist Church, 126 N.Y. 215, 28 N.E. 238, 241 (1891).
Section 731.19 grants to the members of its protected class the power, if the other conditions of the section are satisfied, to render the donee of the charitable gift unable to take and to substitute in place thereof the petitioning member of the class.
 Appellant contends that the avoided legacy should pass by intestacy. We disagree. In the first place, Section 731.19, Fla.Stats., F.S.A., must always be read in the light of the intent of the testator.
“ * * * the statute should be given such construction only as will secure full protection to those persons designed to be shielded by its provisions [citations] and yet at the same time allow as much effect as possible to be given to the cardinal rule for the construction of wills: that the intention of the testator shall prevail unless violative of some positive or settled rule of law to the contrary.” Taylor v. Payne, 17 So.2d 618.
The will allowed for the contingency of a lapsed legacy by providing in item “Thirteenth” that such legacies should fall into the residuary. By the very words of the will, then, some of the members of the protected class, the grandchildren, were intended to get the lapsed legacy.
We doubt that this clear intention of the testatrix is against some positive or settled rule of law.
*260 “The rules which cover the devolution of void legacies are substantially the same as those which control the devolution of lapsed legacies; * * *.
“If there is no general residuary clause, the property which was the subject of a void legacy or devise descends as in case of intestacy. If there is a valid general residuary clause, void legacies other than residuary legacies pass under such residuary clause to the residuary legatees.” 6 Page, Wills § 50.24 pp. 108, 109 (3rd ed. 1962)
General case law clearly supports the proposition that the lapsed legacy is to fall into the residuary where the legacy was not originally a part of the residuary and a valid residuary clause exists.
Secondly, the “plain language” of Section 731.20, Fla.Stats., F.S.A., pertaining to lapsed or void legacies or devises reiterates the rule of the case law:
“(2) If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will.”
Thirdly, there is no doubt that Taylor v. Payne, supra, and In Re Pratt’s Estate, Fla.1956, 88 So.2d 499, do not stand for the rule that an avoided legacy will always pass by intestacy. The avoided legacy will only pass by intestacy under the rules hereinabove stated.
The county judge correctly determined that the lapsed charitable bequest was to fall into the residuary of the will of Cath-eryne H. Lane.
Appellant has raised one other point on this appeal. We have studied the record and determined that the point is of very little importance in this case and would not be the subject of reversible error.
Affirmed.
SHANNON, J., and ODOM, ARCHIE M., Associate Judge, concur.