CENTRAL NATIONAL BANK OF CLEVELAND, EXR., ET AL., *v.*
MORRIS ET AL.

[Cite as Central Natl. Bk. of Cleveland v. Morris, 9 Ohio Misc. 167.]

(No. 692432—Decided January 9, 1967.)

Probate Court of Cuyahoga County.

*Messrs. Jones, Day, Cockley & Reavis,* for plaintiff.
*Mr. William B. Saxbe,* attorney general, for defendant,
state of Ohio.
*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for children
and all adult grandchildren.
*Mr. Paul B. Roesch,* for guardian ad litem for minor defendants.

ANDREWS, Chief Referee.   On August 1, 1962, James F.
Lincoln executed his will.   By Item IV thereof he gave the
residue of his property to Central National Bank of Cleveland
upon certain trusts.   Part A of Item IV relates to a marital
deduction trust, and does not concern us.   Part B refers to
certain living trust agreements made for the benefit of seventeen grandchildren in being on January 15, 1956.   It incorporates the living trust agreements and creates new testamentary trusts for each of the grandchildren born after that date,

five in number. Provision is made for equalizing the twenty-two trusts in value.

Part C relates to a trust for the testator's sister, and does not concern us.

By Part D, the balance of the trust estate remaining after satisfaction of the provisions of Parts A, B, and C is to be divided into equal shares, one for each grandchild then living, and one for the issue of each deceased grandchild. All twenty-two grandchildren survived the testator.

A codicil executed on September 3, 1964, is not germane to this lawsuit.

On April 30, 1965, the testator executed a second codicil, Part I of which contains the following language:

"Subject to the provisions of Part II hereof, I revoke Part D of Item IV of my said Will * * * and substitute the following at the end of Item IV:"

The substituted Part D in the codicil directs the trustee to form an Ohio corporation not for profit, to be named "The J. F. Lincoln Family Foundation," or some other name as similar thereto as the law permits. The initial members and trustees of the Foundation are to be the testator's wife and all of his children living at the time of the creation of the Foundation. The powers of the Foundation are limited to making grants of income and principal to organizations which qualify for federal estate tax deduction and also for exemption from taxation under the Ohio inheritance tax law. When the Foundation has been organized, the balance of the trust estate remaining after satisfaction of the provisions of Parts A, B, and C of Item IV is to be transferred to the Foundation.

Part II of the second codicil reads as follows:

"If I shall not survive for one year after the execution of this Codicil and if my descendants who survive me do not effectively waive the provisions of Section 2107.06, Revised Code, so as to validate the provisions of Part I hereof, then this Codicil shall be ineffective and my said Will executed August 1, 1962 as modified by Codicil executed September 3, 1964 is not revoked."

Mr. Lincoln died on June 23, 1965, less than two months after the execution of the second codicil. He left surviving him his second wife, his four children, his twenty-two grandchildren,

and fourteen great-grandchildren. All the grandchildren were born before August 1, 1962, the date of the execution of his will.

Plaintiff, Central National Bank of Cleveland, is executor of the estate. Although it has been appointed trustee under some parts of Item IV of the will, it has not yet been appointed under Part D of that item, nor under Part I of the second codicil.

Plaintiff brings this action for a declaratory judgment in its capacity as executor, and also as the trustee designated under Part D of Item IV of the will, or Part I of the second codicil. In passing, it should be noted that in Part I of the second codicil, changing Part D of Item IV of the will, the testator directs that so far as possible the residue of the estate assets shall be transferred directly from the executor to the Foundation.

Defendants are the testator's four children, the twenty-two grandchildren, and the Attorney General of Ohio. Some of the grandchildren are minors, and these are represented by a guardian ad litem.

Because of Mr. Lincoln's death so soon after the execution of the second codicil, we are confronted by section 2107.06 of the Revised Code. This section was completely revised, effective October 6, 1965. As so revised, charitable bequests are valid up to twenty-five per cent of the net estate regardless of how soon the testator dies after execution of his will or codicils; and, in general, the one-year period is reduced to six months. Unfortunately, because Mr. Lincoln died on June 23, 1965, the present case must be decided under the former statute, which reads as follows:

"If a testator dies leaving issue, or an adopted child, or the lineal descendants of either, and the will of such testator gives, devises, or bequeaths such testator's estate, or any part thereof, to a benevolent, religious, educational, or charitable purpose * * *, or to * * * corporations * * * in trust for such purposes * * *, such will as to such gift, devise, or bequest, shall be invalid unless it was executed at least one year prior to the death of the testator."

Each of the testator's four children has introduced into evidence a document entitled a "Waiver and Disclaimer," in the following form;

"Now comes Josephine L. Morris and does hereby irrevocably waive and disclaim any and all right or power which she may have to object under the provisions of Section 2107.06 of the Revised Code of Ohio to the bequests for benevolent, religious, educational or charitable purposes in the Second Codicil to the Will of James Finney Lincoln, deceased."

The documents were filed "on condition that it is finally determined in this case that they would have the effect of validating Part I of the second codicil to the Will of James F. Lincoln."

By their answer, the adult grandchildren express their desire that Part I of the second codicil be carried out by the establishment of the charitable foundation. They expressed this wish, fully realizing that the carrying out of this provision will be to their financial detriment.

On the other hand, the guardian ad litem of the minor grandchildren seeks a declaration that the provisions of the second codicil, creating a charitable foundation, are invalid, and that Part D of Item IV of the will, establishing trusts for the grandchildren, should be given effect.

The guardian ad litem concedes that the provisions of Section 2107.06, Revised Code, can be waived by the members of the protected classes, but he contends that under the circumstances of this case, the waiver by the testator's children is of no effect.

We are asked by the plaintiff to determine whether Part I of the second codicil is valid notwithstanding Section 2107.06, Revised Code, in view of the waivers and disclaimers filed by the children. If our decision is that the charitable bequest is invalid, we are asked whether Part D of Item IV of the will is operative.

It will be recalled that Section 2107.06, Revised Code, starts as follows:

"If a testator dies leaving issue, or an adopted child, or the lineal descendants of either * * *"

I do not believe that this statute is designed for the protection of the testator's grandchildren or great-grandchildren when all his children survive him. It is much more reasonable to believe that the legislative intention was to protect only those persons in the designated categories who are the testa-

tor's heirs. The others have no interest in the estate except as they may be provided for in the will.

A contrary interpretation would necessitate a waiver by every member of every class mentioned in the statute, including those who, not being heirs, are, in effect, strangers to the estate. I cannot believe that the Legislature so intended, nor does the wording of the statute require any such interpretation.

In *Thomas* v. *Trustees of Ohio State University*, 70 Ohio St. 92, 108, 70 N. E. 896, 898 (1904), the court observed:

"It is therefore apparent that this statute is intended to operate merely as a limitation upon the testator's power of disposition, for the protection of the *heir* against improvident wills or wills made under undue influence." (Emphasis added.)

In *Ireland* v. *Cleveland Trust Co.* (Prob. Ct. Cuyahoga County 1958), 80 Ohio Law Abs. 94, 11 O. O. 2d 237, 157 N. E. 2d 396, the testatrix was survived by a son and the son's four children, and the court held that a waiver by the son was sufficient to validate the charitable bequest, he being the sole heir of the testator.

Said the court:

"That the right of waiver under this statute rests in James Duane Ireland, to the exclusion of other persons named in the statute, seems clear. Ireland is the sole heir-at-law of the testatrix and while the question of whether the protection of the statute applies only to the first living generation of descendants or to all succeeding generations has not been considered in this state in any reported decision, it seems to the court that giving the language and phraseology of the statute its usual meaning, including the use of the word 'or' between the words 'issue' and 'lineal descendants,' requires a conclusion that Ireland qualifies as the only person in the protected class who could waive the benefits and protection of the statute as hereinabove interpreted. Such conclusion seems justified by the interpretation recently given the statute of descent and distribution, which is similarly phrased. Section 2105.06, Revised Code. *Kraemer* v. *Hook*, 168 Ohio St. 221. This is the conclusion reached under a New York statute similar to the Ohio statute under consideration and differing only in matters not here material. *In re Plaster's Estate*, 37 N. Y. S. 2d 498." 80 Ohio Law Abs. at 96, 11 O. O. 2d at 239, 157 N. E. 2d at 398.

172

See also, *Estate of Holtermann* (1962), 206 Cal. App. 2d 460, 471, 23 Cal. Reptr. 685, 691.

Although in the *Ireland case*, the son was also the residuary legatee, the decision was not based upon that fact.

Assuming the correctness of my conclusion that Section 2107.06, Revised Code, is for the exclusive protection of those persons in the designated categories who are the testator's heirs, and therefore the only persons who would inherit the property in case of the invalidity of the charitable bequest, there is an added complication in the present case. This complication arises from Part II of the second codicil, which, in effect, creates a gift over or substitutional gift in trust for the benefit of the grandchildren, if the charitable bequest becomes invalid and there is no effective waiver. Because of the substitutional bequest, the protected class, *i. e.*, the four children, will not benefit at all if the charitable bequest becomes invalid. Since they will receive no benefit, do they have anything to waive? And, as already indicated, a waiver by the grandchildren would be meaningless, for they are not in the protected class under the circumstances of this case.

In Part II of the second codicil, the testator includes the clause, "and if my descendants who survive me do not effectively waive the provisions of Section 2107.06, of the Revised Code of Ohio * * *" This should not be interpreted as requiring waivers by all his descendants. Obviously, the phrase refers to whichever descendants are necessary to an effective waiver.

No definitive answer has been found to the question of whether or not a waiver by the protected heirs is effective when, by reason of a substitutional gift over, those heirs will get nothing if the charitable bequest is declared invalid.

Where the testator, in his will, expressly authorizes and empowers his child or children to ratify and confirm the invalid charitable bequest, Ohio courts have upheld such a ratification even though the will contains a substitutional gift over in the event of invalidity. *Board of Trustees of Ohio State University* v. *Folsom* (1897), 56 Ohio St. 701, 47 N. E. 581; *Thomas* v. *Trustees of Ohio State University* (1904), 70 Ohio St. 92, 70 N. E. 896; *Blossom* v. *Blossom* (1940), unreported, No. 288,175, Probate Court of Cuyahoga County. But those

cases place such great emphasis upon the power of ratification given by the will, that I do not feel justified in regarding them as authorities in the present case, where the will contains no such power.

However, in *Deeds* v. *Deeds* (Prob. Ct. 1950), 58 Ohio Law Abs. 129, 42 O. O. 384, 94 N. E. 2d 232, the will did not contain a power to ratify the charitable bequest or waive the invalidity. Despite this, and despite the fact that in case of invalidity, the property would go under the residuary clause to a "stranger," the court upheld a waiver by the testatrix's son, who apparently was her only child. Said the court:

"This court is of the opinion, therefore, that the waiver of the benefited person's right may take the form of a testamentarily-conferred power of appointment (as in the Thomas case), or it may be in the form of a quit-claim deed, or in any other manner which the benefited person may choose to relinquish his statutorily-given right. Charles Deeds having waived protection of the statute, the gift to Denison University is valid." 58 Ohio Law Abs. at 138, 42 O. O. at 390, 94 N. E. 2d at 237.

Unfortunately, the decision, as to this point, is severely weakened because the court did not discuss the complication arising from the fact that if the charitable bequest was invalid, the property would go, via the residuary clause, to the husband of the deceased, not to her son.

The court appears to have relied substantially upon quoted passages from 37 Ohio Jurisprudence, Statutes, Section 464, page 791 (now 50 Ohio Jurisprudence 2d, Statutes, Section 363), and 56 American Jurisprudence, Waiver, Sections 4 and 7. These passages state the general proposition that persons may waive statutory provisions intended for their benefit. An extensive examination of the cases cited in the above passages reveals that, except for *Deeds* v. *Deeds, supra,* they are far afield from the problem before us. They deal with waivers of a multitudinous variety of statutory rights by persons who would receive the benefit of the statute in the absence of such waiver. Neither those cases, nor the cases referred to in *Deeds,* justify a conclusion that Mr. Lincoln's childrn have the power of waiver when they will not benefit by the invalidity of the charitable bequest. I seriously doubt that under the circumstances a

waiver by the children is of any effect. However, I will make no decision on this point because there is another point which, in my opinion, is decisive.

The gist of the proposition upon which I rest my decision may be stated as follows:

The purpose of Section 2107.06, Revised Code, is to protect those of the testator's heirs who come within one or more of the statutory classes. But by reason of the gift over in Mr. Lincoln's second codicil, those heirs will not be benefited even though the charitable bequest is declared invalid. Accordingly, the reason for invoking the statute is absent; hence, the statute does not apply, and the charitable bequest is valid. The substitutional beneficiaries (here the grandchildren) cannot complain, for, by reason of the survival of all the testator's children, the grandchildren do not come within the protection of the statute, as I have already explained. And so far as Part II of the second codicil is concerned, the gift over for the benefit of the grandchildren is conditioned upon the invalidity of the charitable bequest.

This was the alternative ground of decision in *Deeds* v. *Deeds, supra.* Some excerpts from the opinion are worth quoting.

"* * * That is, it is intended that the property composing the invalidated gift will go to the persons named in the statute who are disappointed by the will or codicil. This is the benefit conferred by the statute. But no benefit can be conferred by the statute unless there is a residuary clause in favor of the class named in the statute or unless the class named can take by intestacy; for, otherwise, the purpose in invalidating the gift is not served." 58 Ohio Law Abs. at 138, 42 O. O. at 390, 94 N. E. 2d at 237.

\* \* \*

"And, since Section 10504-5, General Code, is not a mortmain statute: *i. e.*, a prohibition against the holding of property by charitable corporations, there is no reason to invoke the protection of the statute when the statutory benefit is impossible of conferment."

\* \* \*

"The statute then is not operative unless persons therein named survive the testator. Again, the statute is not operative unless the declared purpose of the statute is served. When the

person named in the statute is not benefited by the invalidation of the proscribed gift, the effect is the same as if there had been no statute in the first place and the gift to the benevolent, religious, educational, or charitable institution is valid. Therefore, in the case at bar, it was not necessary for Charles Deeds to waive or relinquish the benefits of the statute because he had nothing to relinquish." 58 Ohio L. Abs. at 139, 42 O. O. at 390-391, 94 N. E. 2d at 238.

A leading textbook puts it this way:

"Even though there be surviving heirs within the designated class who oppose the charitable gift * * *, there exists a possible way of completely getting around the statute and causing such a seemingly obvious invalid gift to be held valid. Since there is no corresponding statutory prohibition against testamentary gifts to non-charities to the exclusion of the heirs, the method is for the testator to validly provide for a substitutionary gift, sometimes referred to as a gift over or a contingent gift, to a non-relative or non-heir in the event the bequest to charity should fail. Since the substitutionary gift would be valid, the heir would enjoy no benefit by invalidating the gift to charity and therefore there is no reason for letting him have the power to invalidate the gift in this situation. The substitutionary beneficiary, not being within the named statutory class, would not have the power to oppose the gift to charity and therefore it would stand." 1 Bowe-Parker, Page on Wills, Section 3.18, pages 114-115 (1960).

See also, 4 Scott, Trusts, Section 362.4, page 2603 (2d ed. 1956); 6 Powell, Real Property, Section 969, pages 502-505 (1958); *Ruple* v. *Hiram College* (Cuyahoga County Court of Appeals 1928), 35 Ohio App. 8, 171 N. E. 417 (different factually, but expressing a similar point of view).

As stated by counsel for the plaintiff in their brief:

"* * * since the protected class would not take if the charitable bequest were invalidated, the policy and purpose of the statute is best served by validating the preferred objective— the gift to charity— rather than the secondary objective—the gift to the grandchildren."

In reaching my conclusion that the charitable bequest is valid, I have carefully considered the arguments against validity, but will not burden this opinion by discussing them.

My decision is in no way influenced by the testimony ob-

176

jected to by the guardian ad litem, relating to death tax figures and the amounts of gifts for the benefit of the children and grandchildren, including the trusts for the grandchildren established by Item IV, Part B of the will. I think it fitting to state, however, that Mr. Lincoln's children and grandchildren have been treated handsomely, either through living or testamentary trusts.

From my decision that Part I of the second codicil is valid, and that the testator's primary intent may thus be accomplished, it follows that Part II of the second codicil may be disregarded.

### Conclusion of Law

The provisions of Part I of the second codicil are valid and shall be carried out.