CENTRAL NATIONAL BANK OF CLEVELAND, EXR., APPELLEE, *v.*
MORRIS ET AL., APPELLEES; ROESCH, GDN., APPELLANT.

[Cite as Central Natl. Bank v. Morris, 10 Ohio App. 2d 225.]

(No. 28429—Decided June 15, 1967.)

*Messrs. Jones, Day, Cockley & Reavis, Mr. Arthur L. Dougan* and *Mr. Oliver C. Henkel, Jr.,* for plaintiff-appellee.

*Messrs. Arter, Hadden, Wyckoff & Van Duzer, Mr. James R. Stewart* and *Mr. William S. Burton,* for defendant-appellees Josephine L. Morris and others.

*Mr. William B. Saxbe,* attorney general, and *Miss Janice Wolfe,* for defendant-appellee the state of Ohio.

*Messrs. Rosenthal, Roesch, Buckman & McLandrich,* for appellant.

WASSERMAN, J.    This is an appeal from a judgment of the Probate Court of Cuyahoga County.    That court found that Section 2107.06, Revised Code, which relates to testamentary bequests to charity, has no application if the decedent's heirs at law would not be benefited, even if the charitable bequests were declared invalid by reason of a gift over to beneficiaries who are not within the protection of the statute.

James F. Lincoln executed his last will and testament on

August 1, 1962. By Item IV thereof he gave the residue of his property to Central National Bank of Cleveland as trustee.

Item IV of the decedent's will is divided into four parts, of which we are concerned only with Part D. By that part the balance of the trust estate remaining after satisfaction of Parts A, B and C of Item IV is to be divided into equal shares—one for each grandchild then living, and one for the issue of each deceased grandchild. All twenty-two grandchildren survived the testator.

A codicil was executed on September 3, 1964, but has no bearing on the issues in this case.

On April 30, 1965, the testator executed a second codicil, Part I of which contains the following language:

"Subject to the provisions of Part II hereof, I revoke Part D of Item IV of my said will * * * and substitute the following at the end of Item IV:"

The substituted Part D in the codicil directs the establishment of a charitable corporation to be named "The J. F. Lincoln Family Foundation," or some other name as similar thereto as the law permits. When the Foundation has been established, the balance of the trust estate remaining after satisfaction of Parts A, B and C of Item IV is to be transferred to the Foundation.

Part II of the second codicil reads as follows:

"If I shall not survive for one year after the execution of this codicil and if my descendants who survive me do not effectively waive the provisions of Section 2107.06 of the Revised Code of Ohio so as to validate the provisions of Part I hereof, then this codicil shall be ineffective and my said will executed August 1, 1962 as modified by codicil executed September 3, 1964, is not revoked."

Mr. Lincoln died on June 23, 1965, less than two months after the execution of the second codicil. He left surviving him his second wife, his four children, his twenty-two grandchildren, and fourteen great-grandchildren.

Each of the testator's four children waived and disclaimed in writing any right to object under Section 2107.06, Revised Code.

The adult grandchildren expressed their desire that Part I

of the second codicil be carried out by the establishment of the charitable foundation.

However, the guardian ad litem of the minor grandchildren sought a declaration that the provisions of the second codicil, creating a charitable foundation, were invalid, and that Part D of Item IV of the will, establishing trusts for the grandchildren, should be given effect. The Probate Court of Cuyahoga County held otherwise, and the minor grandchildren, through their guardian ad litem, have appealed.

The appellant's only assignment of error charges that the court erred in holding that the grandchildren do not come within the protection of Section 2107.06, Revised Code, by reason of the survival of all of the testator's children.

Section 2107.06 reads in part:

"If a testator dies leaving issue, or an adopted child, or the lineal descendants of either, and the will of such testator gives, devises, or bequeaths such testator's estate, or any part thereof, to a benevolent, religious, educational, or charitable purpose, * * * such will as to such gift, devise, or bequest, shall be invalid unless it was executed at least one year prior to the death of the testator."

This statute was in effect at the time of the testator's death. It has since been revised effective October 6, 1965.

The appellant contends that the above statute applies to grandchildren as well as issue or children of the testator. Such an interpretation in the immediate fact situation is untenable. The first few sentences clearly indicate why—"If a testator dies leaving issue, or an adopted child, *or the lineal descendants of either,* * * *." (Emphasis added.) The key word obviously is "or." Grandchildren certainly are not "issue" or adopted children of the testator. They are, of course, lineal descendants who could only take in the place of a parent who is issue of the testator, if the parent had predeceased the testator.

Taking one step further, it seems relatively clear to this court that Section 2107.06, Revised Code, was enacted only for the benefit and protection of issue, adopted children or their lineal descendants. *Thomas* v. *Trustees of Ohio State University,* 70 Ohio St. 92. It is designed to protect children who would take by intestate succession had the testator not left a

will. In the instant case, where all the children of the testator are living, grandchildren would not take in the case of intestacy and, therefore, do not need the protection afforded by the statute.

We have an added circumstance in this case. Those whom the statute was designed to protect submitted written waivers to the Probate Court. It has been held that the invalidity of charitable bequests within one year of the testator's death may be waived by the heirs at law. *Ireland* v. *Cleveland Trust Co.,* 80 Ohio Law Abs. 94. However, under our fact situation the waivers were meaningless, since they accomplish nothing. If we were to hold that Section 2107.06, Revised Code, forbids the creation of the "Family Foundation," the grandchildren, by reason of the testator's will, would take the residue of the estate. The children of the testator in this case, by waiver or otherwise, have no control over or rights of any kind to the residue. It is logical therefore that if the statute cannot protect those whom it was designed to protect it has no application. If it does not apply, then it need not be considered, and the will should stand as written. See, *Ruple* v. *Hiram College,* 35 Ohio App. 8, wherein it is stated on page 11 that:

"* * *. Our statute, however, is more liberal than some others, in that it does not operate at all unless the testator dies leaving issue of his body. It is apparent therefore that, while this section may incidentally inure to the benefit of others, the object of the statute is to protect the testator's direct issue. * * *."

We, therefore, hold that the charitable grant of the testator is in no way affected by Section 2107.06, Revised Code.

*Judgment affirmed.*

Corrigan, C. J., and Silbert, J., concur.