257 So.2d 77 (1972)
In re ESTATE of Saba George SHAMEIA, Deceased.
Lillie SHAMIYEH, Appellant,
v.
FIRST NATIONAL BANK IN ST. PETERSBURG, As Executor of the Estate of Saba George Shameia, Deceased, et al., Appellees.
No. 71-417.
District Court of Appeal of Florida, Second District.
January 26, 1972.
John W. Collis, Lexington, Ky., and Carey & Harrison, St. Petersburg, for appellant.
Ferree & Beam, St. Petersburg, for appellee First National Bank; Harold S. Wilson, Clearwater, for appellee Cancer Institute; and Nelson, Beckett, Nelson & Thomas, St. Petersburg, for appellee Easter Seal Rehabilitation Center.
LILES, Judge.
Saba George Shameia died a resident of Pinellas County on August 10, 1970, after having executed a will just three weeks prior thereto on July 20, 1970. By his will decedent made certain charitable bequests totaling $27,000. These bequests were followed by a residuary clause wherein decedent left the remainder of his estate to various relatives living in the Middle East.
Lillie Shamiyeh, daughter of the decedent, filed her objection to the charitable bequests, alleging that she was the natural daughter of decedent, that the designated charitable bequests had been made in her father's will and that within six months of the execution of the will he had died.
In response to appellant's objection to charitable bequests each of the appellees filed a motion to dismiss alleging that the petitioner is not a party entitled to make objection under the provisions of Fla. Stat. § 731.19, F.S.A. Following the hearing on *78 the motion to dismiss the county judge granted the motion and this appeal ensued.
The question posed is whether or not a daughter of a decedent is barred from maintaining an action under Fla. Stat. § 731.19, F.S.A., where the decedent's will passes the residuary estate to collateral kindred of the decedent.
The statute in question, Fla. Stat. § 731.19, F.S.A., reads as follows:
"Charitable devises and bequests.  If a testator dies leaving issue of his body or an adopted child, or the lineal descendants of either, or a spouse, and if the will of such testator devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, charitable, literary, scientific, religious or missionary institution, corporation, association or purpose, or to this state, or to any other state or country, or to a county, city or town in this or any other state or country, or to a person in trust for any such purpose or beneficiary, whether or not such trust appears on the face of the instrument making such devise or bequest, such devise or bequest shall be avoided in its entirety within eight months from the death of the testator by one or more of the above specified persons who would receive any interest in the devise or bequest so avoided, by filing written notice thereof in the probate proceedings unless said will was duly executed at least six months prior to the death of the testator, or unless testator, by his will duly executed immediately next prior to such last will and more than six months before his death, made a valid charitable bequest or devise in substantially the same amount for the same purpose or to the same beneficiary, or to a person in trust for the same person or beneficiary as was made in such last will. The making of a codicil within the six-months period before testator's death, which codicil does not substantially change a charitable devise or bequest as herein defined, shall not render such charitable gift ineffective under this section. This section shall not be construed to apply to devises or bequests made to institutions of higher learning." (Emphasis added.)
The Supreme Court said in Taylor v. Payne, 1944, 154 Fla. 359, 17 So.2d 615 at page 618:
"[T]he statute (731.19) should be given such construction only as will secure full protection to those persons designed to be shielded by its provisions [citations omitted] and yet at the same time allow as much effect as possible to be given to the cardinal rule for the construction of wills: that the intention of the testator shall prevail unless violative of some positive or settled rule of law to the contrary." (Emphasis added.)
It therefore seems that appellant is not such a person as would receive any interest in the devise or bequest so voided and therefore the decision of the trial judge should be affirmed.
Florida Statute § 731.20(2), F.S.A., reads as follows:
"If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary interest is expressed by the testator in his will."
This court In re Estate of Lane, Fla.App. 1966, 186 So.2d 257 at page 260, said:
"General case law clearly supports the proposition that the lapsed legacy is to fall into the residuary where the legacy was not originally a part of the residuary and a valid residuary clause exists.
"Secondly, the `plain language' of Section 731.20, Fla.Stats., F.S.A., pertaining to lapsed or void legacies or devises reiterates the rule of case law."
In re Estate of Rauf, Fla.App. 1968, 213 So.2d 31, cert. denied Fla., 225 So.2d 524, held that Fla. Stat. § 731.19, F.S.A., is not available to the spouse and issue of a decedent where the testator has provided *79 in his will a residuary beneficiary not encompassed by § 731.19 because the spouse and issue would receive no interest in the voided bequests.
In conclusion the language of Fla. Stat. § 731.19, F.S.A., taken in conjunction with § 731.20(2), clearly excludes appellant from that class of persons who can contest these charitable bequests. Even if these charitable bequests are voided they will pass to the kindred of the testator and not to the appellant.
The trial judge was correct and we therefore affirm.
PIERCE, C.J., and STEPHENSON, GUNTER, Associate Judge, concur.