147 So.2d 548 (1962)
Leon WORDEN, and Doris Worden, His Wife, Appellants,
v.
Leon HUNT et al., Appellees.
No. 3038.
District Court of Appeal of Florida. Second District.
December 7, 1962.
Rehearing Denied January 4, 1963.
*549 Carroll Dunscombe, Stuart, for appellants.
Otis Parker, Jr., of Fee, Parker & Neill, Fort Pierce, for appellees.
SMITH, D.R., Associate Judge.
The appellants, Leon Worden and his wife, Doris Worden, plaintiffs in the trial court, recovered judgments of $2,000 and $1,000 respectively, against Leon Hunt, a deputy sheriff, for injuries and damages resulting from an unlawful assault. These judgments were uncollectable as against the defendant deputy sheriff. Thereupon, garnishment proceedings were instituted against the Hartford Accident and Indemnity Company, the surety upon the defendant deputy's bond. The Hartford Accident and Indemnity Company, hereinafter referred to as the surety, was found to be liable to the plaintiffs in the amount of $1,000, the penal sum recited in the bond, plus costs and interests. The court entered judgments of $666.67 for plaintiff husband and $397.08 for plaintiff wife. The plaintiffs filed a motion to vacate the judgments and requested the court to enter judgments for the full amounts of $2,000 and $1,000 respectively. This motion was denied and this appeal was then instituted.
Section 30.09, Sub-section (1), of the Florida Statutes, 1961, F.S.A., provides as follows:
"Each deputy sheriff, * * * shall be required to give bond in the penal sum of one thousand dollars * * * with two or more good and sufficient sureties * * *. The aforesaid sureties shall be liable for all fines and amercements imposed upon their principal."
The plaintiffs contend that the trial court erred in the construction of the above quoted section on the theory that the last sentence of the Section places unlimited liability upon the Surety regardless of the penal sum of the bond and that such was the legislative intent.
The above quoted provision of the statute was first enacted in 1913 as Chapter 6478-(No. 58) Laws of Florida. The title to the act reads as follows:
"An Act to Provide for the Bonding of Deputy Sheriffs in the Several Counties *550 of the State of Florida, and Fixing Their Qualifications."
The body of this act is substantially the same as it appears in today's revised statutes and there is no material change in the provisions which are the subject of consideration herein. It can plainly be noted that the title to the act makes no mention of the liability, limited or unlimited, of sureties. The primary purpose of the act was to fix the qualifications of deputy sheriffs. The first requirement was the necessity of each deputy sheriff entering in a bond in the sum of One Thousand Dollars with two or more good and sufficient sureties. It is logical and reasonable to assume that the legislature would not have intended to limit the penal sum of the bond to One Thousand Dollars and, then, in the same breath, place an unlimited liability upon the surety without some mention of the surety's liability appearing in the title to the act. In construing statutes, it is well settled in Florida that the manifest intent of the legislature will prevail over the literal import of words used by it; no literal interpretation should be given that leads to an unreasonable conclusion or to a purpose not intended by the lawmakers, 30 Fla.Juris., Statutes, Section 79 and cases cited in footnotes thereto.
The appellants cite in support of their position on liability the cases of United States Fidelity & Guaranty Co. v. Milstead, Ky., 109 S.W. 875, and Growbarger, et al. v. United States Fidelity & Guaranty Co., et al., 126 Ky. 118, 102 S.W. 873, 875. These cases are not in point because the state of Kentucky had a statute reading substantially in the following form, Ky.St. 1903, § 3752:
"* * * [a]nd the recovery against principal and surety shall not be limited by the amount of the penalty named in such bond."
Certainly no one could misinterpret the legislative intent of such a provision.
If the last sentence of the Section relied upon by the appellants was intended to place unlimited liability upon the surety, then the provision of the Section fixing the penal sum of the bond would have no purpose or meaning and would be mere surplusage. Where in a statute general words follow the designation of a particular subject, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designation. 30 Fla.Juris., Statutes, Section 86, p. 186. Since this Section first fixed a definite principal sum as the penalty of the bond, the later wording in the Section reading:
"The aforesaid sureties shall be liable for all fines and amercements imposed upon their principal."
should, therefore, be construed as meaning that the sureties shall be liable for all fines and amercements imposed upon their principal within the limits of the sureties' liability as fixed by the penalty of the bond.
Factually it might also be noted that the bond in this case was in the penal sum of $1,000 and it made no mention of the surety being liable for all fines and amercements imposed against the principal.
It is, therefore, concluded that Section 30.09, Sub-Section (1) of the 1961 Florida Statutes, F.S.A. does not impose liability upon the surety beyond the penal sum of the bond and that such was not the legislative intent.
Since it is concluded that the liability of the surety was limited to the penal sum of the bond, the judgment of the lower court is affirmed in all other respects under authority of Fidelity & Deposit Co. of Md. v. Sholtz, 123 Fla. 837, 168 So. 25; 30 Fla. Jur., Suretyship & Guaranty, S. 19; 43 Am. Jur., Public Offices, S. 415, P. 185; 8 Am. Jur., Bonds, S. 86, P. 739; 89 A.L.R. 1071.
Affirmed.
SHANNON, C.J., and ALLEN, J., concur.