PIERCE, WILLIAM C., Associate Judge.
This is an appeal by appellant Dade Federal Savings and Loan Association, a United States corporation, from a final declaratory judgment entered by the court below in a suit therein filed by Miami Title & Abstract Division of American Title Insurance Company, a Florida corporation, against Dade Federal and also against E. B. Leatherman, as Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.
Prior to 1953 the Circuit Clerks were official custodians of specified books and dockets wherein various legal instruments were required to be recorded. One of these books was a Judgment Lien Record Book. F.S. § 28.21(11) F.S.A. In 1953 the legislature enacted Chap. 28033, brought forward in the compilations as F.S. § 28.221 F.S.A., which provided that the Clerks could keep one recordation book to be known as the Official Record Book “in lieu of the separate books” otherwise required to be kept for recording purposes by § 28.21. Section 28.221 was permissive, not mandatory, but most of the Clerks’ offices in the State, including the Dade County Circuit Clerk, have installed such Official Record Book because of its obvious convenience and simplification. These statutory provisions are set forth in the margin.[1]
Before F.S. 1967, § 55.10 F.S.A. provided in effect that, in order for a judgment or decree of any of the courts of the State to be a lien on real estate, a “certified transcript” thereof must be recorded in the Judgment Lien Book (F.S. § 28.21(11) F. S.A.) or the Official Record Book (F.S. § 28.221 F.S.A.), as the case may be, of the county wherein the property is located.
The legislature in 1967, by Chap. 67-254, Sec. 9, amended § 55.10 to provide in substance that, in order' to be a lien on real estate in the county where rendered, such “judgment and decree” must be recorded in the “proper record” of that county; but that, as to judgments or decrees from other counties, a “certified copy thereof” sufficed for such recordation. The original *876 F.S. § 55.10 F.S.A. and also the 1967 amendment are set out in the margin.[2]
On January llj 1968, Miami Title filed complaint in the Dade County Circuit Court for a declaratory judgment, the purpose of which was to secure a judicial determination of the legal effect of said 1967 amendment upon § 55.10 and also upon F.S. § 28.-21(11) F.S.A. and F.S. § 28.221(1), (3), (4), and (5) F.S.A. All three parties to the action joined in requesting the declaratory decree and expressed doubt as to the 1967 amendatory act in two particulars: (1) whether the words “judgment or decree” may be properly construed to mean a certified copy, and (2) what is the “proper record” book wherein such judgment or decree, or certified copy, must be recorded in order to become a lien on the' judgment debtor’s real estate in the county? We will determine these two questions seriatim.
(1) Construction of the words "Judgment or decree”.
Before the 1967 amendment, F.S. § 55.10 F.S.A. provided in substan.ee that a judgment or decree would be a lien on the judgment debtor’s real estate in the county upon a certified transcript’ thereof being recorded in the appropriate record book provided for such purpose in the Clerk’s office in such county, regardless of what county the judgment was entered in. The 1967 amendment provided that the lien would so attach to such real estate in the county “when the judgment or decree is recorded in the proper record” of the’ county where rendered; and that as to judgments or decrees entered in other counties, upon a certified copy thereof being recorded - in the proper record book of the county where the real estate is located.
A reading of original § 55.10, as compared with a literal reading of. the 1967 amendment thereto, discloses three things: (1) under original § 55.10 a certified transcript of the judgment must be recorded in the appropriate record book of the county, whether the same county where rendered or another county, in order' for it to be a lien on the judgment debtor’s real estate in the county where so recorded; (2) under the 1967 amendment, the judgment or decree itself must be recorded in the proper record book of the county where rendered and where the property is; but (3), as to a judgment or decree from any other county, a certified copy must be recorded in the proper record book in the county where the realty is located.
The foregoing presents an incongruous anomaly, stemming from the fact that,, literally read, in order for a judgment to be a lien on the judgment debtor’s real estate in the county where the judgment is rendered, the judgment itself, rather than a certified copy thereof, must be recorded (or more accurately, re-recorded) in the’ separate lien recordation book of such county.
This confusing situation, however, may be resolved if the phrase “judgment or decree” in the 1967 amendment may be judicially construed to mean a certified copy thereof. We find no difficulty in so holding.
*877 The cardinal rule in the construction of every statute is to ascertain the legislative intent in the enactment of the law. The legislative intent is the guiding factor and overriding precept inherent in every statute. And when such intent has once been ascertained, it must be given effect, even if' it appears to be contradictory to the strict wording of the statute, or to other rules of construction. City of Ft. Lauderdale v. Des Camps, Fla.App 1959, 111 So.2d 693; In re: Blankenship’s Estate, Fla.App.1959, 114 So.2d 519; In re: Jeffcott’s Estate, Fla.App.1966, 186 So.2d 80; State ex rel. Hughes v. Wentworth, Fla.1938, 185 So. 357.
No literal interpretation should be given a statute which leads to an unreasonable or ridiculous conclusion or result obviously not designed by the legislators. State ex rel. Florida Industrial Commission v. Willis, Fla.App.1960, 124 So.2d 48; State v. Sullivan, 1928, 95 Fla. 191, 116 So. 255.
And in construing a statute, the court will consider not only the language or words used in the statute, but also its history, its legislative setting, the subject matter on which the statute operates, the evil to be corrected, and the objects to be obtained; all of which are as much a part of the law as the words themselves. Singleton v. Larson, Fla.1950, 46 So.2d 186; George v. State, Fla.App.1967, 203 So.2d 173.
In the George case, supra, the 2nd District Court had before it a case involving the proper construction of the word “payee” in a statute denouncing the offense of obtaining property in return for a worthless check. That court, in an opinion authored by the writer, held that the word “payee” must be given a sensible construction, in harmony with the palpable intendment of the legislature, so as to include any person to whom the bad check is knowingly given “if the latter is the one parting with the property” for which the check is exchanged. In discussing the applicable law underlying such construction, the court, beginning on page 175, said:
“The intent of a legislative act, as deducible from its language and legislative setting, is as much a part of the law as the words themselves, Pillans & Smith Co. v. Lowe, 1934, 117 Fla. 249, 157 So. 649, and in determining that legislative intent, the subject matter on which the statute' operates as well as the language-of the statute must be considered, State ex rel. Harris v. Bowden, 1933, 112 Fla. 288, 150 So. 259. A statute should be construed and applied so as to fairly and liberally accomplish the beneficial purpose for which it was adopted, even if the result seems contradictory to ordinary rules of construction and the strict wording of the statute. Beebe v. Richardson, 1945, 156 Fla. 559, 23 So.2d 718; Hanson v. State, Fla.1952, 56 So.2d 129; Tylee v. Hyde, 1910, 60 Fla, 389, 52 So. 968; City of Fort Lauderdale v. Des Camps, Fla.App.1959, 111 So.2d 693; Foley v. State ex rel. Gordon, Fla.1951, 50 So.2d 179.
“A statute should not be construed to bring about an unreasonable .or absurd, result, but rather1 to effectuate the obvious purpose and objective of the legislature. State ex rel. Florida Industrial Commission v. Willis, Fla.App.1960, 124 So.2d 48. The law favors a rational and sensible construction of statutes so as to avoid an unreasonable or absurd result. Sharon v. State, Fla.App.1963, 156 So.2d 677.
“A logical and practical intent should be ascribed to every legislative act. Silver Sands of Pensacola Beach, Inc. v. Pensacola Loan & Sav. Bank, Fla.App.1965, 174 So.2d 61. And the manifest intent of the legislature will prevail over any literal import of words used by it; and no literal interpretation leading to an unreasonable conclusion or a purpose not intended by the law should be given. Worden v. Hunt, Fla.App.1962, 147 So.2d 548.” (Emphasis in text.)
*878 Clearly, the language “judgment or decree” used in the 1967 amendatory act here under consideration must be held to mean a certified copy of such judgment or decree. To attempt to apply in unyielding literal interpretation of the words used would lead to a ridiculous absurdity.
A judgment or decree in essence is an intangible thing. It may be defined as a judicial pronouncement made upon facts found in a legal matter within the Court’s jurisdiction.. The recording of the judgment in the minute book or docket of the court is evidence of the judgment, and in fact a court “speaks through its record,” and until the judgment is entered of record “there is no competent evidence of its rendition.” Braren v. Lawyers’ Realty Abstract Co. of Sarasota, Fla.App.1967, 196 So.2d 244; Magnant v. Peacock, 1945, 156 Fla. 688, 24 So.2d 314; Ellis v. State, 1930, 100 Fla. 27, 129 So. 106.
And in some jurisdictions it is held that a judgment or decree is somewhat a combination of the two — the act and the record. Thus, in Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S.W.2d 23, it was said that—
“There are two necessary elements in any valid judgment or order of a court; (a) The court’s decision * * *, usually evidenced by some oral * * * pronouncement of the court, * * * and (b) the * * * entry by the clerk of the court’s action, * * * upon the order book or record of the court. The first element is judicial; the latter clerical. The former involves discretion; the latter obedience.”
We are not here concerned, however, with the original pronouncement of the judgment or the entry thereof. That is taken care of by F.S. § 28.21 F.S.A., which requires the Circuit Clerk to keep, among other official records and dockets, “(1) minute books, in which he shall keep regular and fair minutes of all the proceedings of the circuit court, * * *; [and] (4) a judgment and execution docket, in which * * * he shall index all judgments rendered, * * * stating therein the names of the parties, the amount of judgment and costs, and the date of rendition of the same, * * * » What we are here concerned with is the recording, in a separate book in the Clerk’s office, of a certified copy of the minute book entry of such judgment, in order for such original judgment to become a lien upon the judgment debtor’s realty in that county.
Whether considered as the intangible judicial act, or the tangible written entry thereof, or a combination of both, such judgment or decree could not be literally taken and itself recorded in another separate recordation book. Only a certified copy of such judgment or decree, in whatever way it had been evidenced or recorded originally, could be so re-recorded. Such was the undoubted intention of the legislature.
A consideration of the passage of the 1967 amendment provides instant evidence supporting this view. The amendment to § 55.10 was a minute segment of Chap. 67-254, comprising 66 printed pages in the 1967 Session Laws, intended to bring the entire body of statute law of Florida into conformity with the 1967 Rules of Civil Procedure governing the practice in Florida courts, previously adopted by the Supreme Court. It was simply an omnibus bill to harmonize the procedural statutes, Chapters 45 through 90 F.S., with the newly-approved Rules of Civil Procedure, and by its own terms “to delete obsolete or unnecessary language.” Nowhere in the entire Act is there any intimation of changing any of the substantive law of Florida.
We therefore construe the subject provision of the 1967 Act amending F.S. § 55.10 F.S.A., referring to recordation of a judgment or decree in order to become a lien on real estate in the County, to mean a certified copy of such judgment or decree.
*879 (2) The “proper record," wherein such certified copy should he so recorded.
We have seen that what is required to be recorded,- in order to create a lien upon real estate in the County, is a certified copy of the judgment or decree. What we consider now is what record book must such certified copy be recorded in. This depends upon the proper construction of the language of the 1967 amendment requiring such recordation to he made “in the proper record of each such county”.
It will be recalled that the legislature in 1953 enacted present F.S. § 28.221 F.S.A., which permitted Circuit Clerks to keep a single Official Record Book in place of the several recordation books theretofore required by § 28.21, and that the Dade County Circuit Clerk availed himself of the permissive 1953 Act. At issue now is whether the recordation of a certified copy of judgment in the Official Record Book in the Dade County Circuit Clerk’s office is all that is required to impress a lien upon the judgment debtor’s Dade County real estate. If so, it would of course relieve an abstract company, in making up an abstract of title, or any prospective purchaser checking title, for that matter, from having to search the records of the various State Courts in Dade County, such as the Circuit Court, Civil Court of Record, Small Claims Court, and County Judges’ Court, as well as the U. S. District Court, for entry of judgments. This would include the Minute Books, Docket Books, Progress Books and alphabetical indices of all such courts.
After full hearing, the lower court held that the words “the proper record” meant the Judgment Lien Books in those counties still utilizing such books under F.S. § 28.21 (11) F.S.A., and the Official Record Books in those counties, like Dade County, which were utilizing the permissive provisions of F.S. § 28.211 F.S.A. Pursuant to such determination, the lower court held that Miami Title fulfilled its contractual obligation to furnish a complete abstract of title, insofar as judgment liens were concerned, when it conveyed such information pursuant to search only of the Official Record Book in the Dade County Circuit Clerk’s office. We agree with the lower court.
Section F.S. 55.10 F.S:A., as amended, must be read and construed in pari materia with F.S. § 28.21(11) F.S.A., and F.S. § 28.221 F.S.A. So construed, all judgments and decrees under these statutory provisions become a lien upon real estate in the County only when a certified copy or transcript thereof is recorded either in the Judgment Lien Book as provided in § 28.21(11) or the Official Record Book as provided in § 28.221, dependent upon which method of recordation is being utilized by the local Circuit Clerk. In Dade County, as hereinbefore observed, this means the Official Record Book.
To otherwise construe amended § 55.10, would place upon the amending statute of 1967 a construction in conflict with other applicable statutes of Florida. Also, but quite importantly, it would result in judgments of the U. S. District Courts being treated differently from State Court judgments, contrary to the holdings of the U. S. Supreme Court in Rhea v. Smith (1927), 274 U.S. 434, 47 S.Ct. 698, 71 L.Ed. 1139 and of the Florida Supreme Court in B. A. Lott, Inc. v. Padgett, 1943, 153 Fla. 304, 14 So.2d 667.
It follows, therefore, from such construction of § 55.10, as amended, that a judgment or decree entered by any of the State Courts of Florida, or by any Federal District Court in the State, Becomes a lien upon real estate in any given county only when a certified copy or transcript thereof is recorded in the Official Record Book or the Judgment Lien Book of that particular county, according to which rec-ordation book is provided by the local Circuit Clerk.
The final declaratory judgment appealed is affirmed.

. F.S. § 28.21(11) F.S.A.
“The clerk of the circuit shall keep: *****
“A judgment lien record and record of foreign judgments, in which shall be recorded all certified transcripts of judgments and decrees of the circuit courts and all other courts of this state, and judgments and decrees of the United States district courts held in this state, which may be presented for such record. The date, hour and minute of recording shall be noted at the bottom of such records.”
F.S. § 28.221(1), (3), (4) and (5), F.S.A.:
“(1) In lieu of the separate books now required to be kept by the clerks of the circuit courts for the purpose of recording each kind or class of instrument which they are or hereafter may be required by law to record, said clerks of the circuit courts may record any or all of these instruments in one general series of books to be called ‘Official Records’. The series shall be numbered consecutively beginning with number one.”
*****
“(3) The recording of instruments in ‘Official Records’ as set forth in sub §
(1) imparts notice in like manner and effect as if the instruments were recorded in separate books.”
“(4) Certified transcript of judgments and decrees recorded in ‘Official Records’ shall become liens on the real estate of the defendants in the county where the same are recorded in the same manner as if said certified transcripts had been recorded in the judgment lien record.”
“(5) The recording of all judgments heretofore made under § 28.221, is hereby validated and confirmed and they are hereby declared to be liens on the real property of the defendants in the counties where the same are recorded in the same manner as if certified transcripts thereof had been recorded in the judgment lien record.”

. F.S. § 55.10, F.S.A. (before amendment in 1987) :
“No judgment or decree hereafter rendered by the circuit courts or any other courts of this state shall be or become ,a lien on real estate until a certified transcript of said judgment or decree is recorded in the judgment lien record as provided by §. 28.21, subsection ‘11’ of these statutes. Upon being so recorded said judgment or decree shall become a lien on the real estate of the defendant only in the county where the same is recorded in the manner provided by said § 28.21.
Chap. 67-254, Sec. 9, Gen.Laws 1967 (now F.S. § 55.10 F.S.A.) :
“Judgments and • decrees become a lien on real estate in the county where rendered when the judgment or decree is recorded in the proper record of such county and in other counties when a certified copy thereof is recorded in the proper record of other counties.”