QUESTION: Is the internal organizational structure of the Department of Citrus in accordance with the requirements of Ch. 20, F. S.?
SUMMARY: Section 20.29, F. S., authorizes the Florida Citrus Commission to continue its powers, duties, and functions without change in the board established by s. 601.04, F. S. (Florida Citrus Commission), as head of the Department of Citrus. The department is not in violation of the provisions of the Governmental Reorganization Act, Ch. 20, F. S., by continuing its existing internal organizational structure. The creation of any new divisions, bureaus, sections, or subsections after July 1, 1970, must be in compliance with s. 20.04(4), as amended by the 1970 Legislature, i.e., approved by the Department of Administration or by law. The structure of the executive branch of state government is set forth generally in s. 20.04, F. S. More particularly, s. 20.04(3) requires that the internal structure of all departments, with the exception of the departments excluded therein, shall adhere to the standard terms as provided for in subsection (3), those terms being divisions, bureaus, sections, and subsections, to be headed, respectively, by directors, chiefs, administrators, and supervisors. The State Citrus Commission, created and established by s. 601.04, F. S., was continued and renamed the Department of Citrus under the provisions of s. 20.29, F. S. I note that, in renaming the Citrus Commission, the Legislature did not transfer the power, duties, and functions under Ch. 601, F. S., to the Department of Citrus, as in nearly every other instance under Ch. 20, F. S. Contrary to the other transfers, s. 20.29(4), instead of transferring the powers and functions to the department, continues the powers, duties, and functions of the Florida Citrus Commission in the board, as the head of the department. Webster's Seventh New Collegiate Dictionary defines "continue" as: "To maintain without interruption a condition, course, or action; to remain in existence." The cardinal rule in the construction of every statute is to ascertain legislative intent in enactment of the law. See Ervin v. Peninsular Telephone Co., 53 So.2d 647 (Fla. 1951); Dade Federal Savings and Loan Association v. Miami Title and Abstract Division, 217 So.2d 873 (3 D.C.A. Fla., 1969). The legislative intent must be determined primarily from the language of the statute. A statute is to be taken, construed, and applied in the form enacted. This is so because the legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. [30 Fla.Jur. 232, 233.] Applying these rules to the statute here in question, it would follow that the Legislature had some specific purpose for using the term "continue" rather than "transfer," as was the case of nearly every other instance under Ch. 20, F. S. Paraphrasing s. 20.04(6), F. S., the head of the department can not reallocate duties and functions assigned by Ch. 20, F. S., to a specific unit of a department and, as of July 1, 1970, no department of state government shall establish additional divisions or new bureaus, sections, or subsections until approved by the Department of Administration or by law. Section 20.29, F. S., in providing for the continuance of all personnel and functions of the Florida Citrus Commission in the Department of Citrus, establishes no divisions, bureaus, or sections as is provided for in most of the other departments. Furthermore, under s. 20.04(6), the department has no authority to establish divisions which are not authorized by Ch. 20, F. S. Therefore, under the provisions of the Governmental Reorganization Act, Ch. 20, F. S., the State Citrus Commission was not merged with any other state agency and the commission's former responsibilities and functions were continued without change. In view of the above, I conclude that the Legislature, in continuing the existence of the State Citrus Commission as the Department of Citrus, did not contemplate, and eliminated the need for, any major retrogressive internal restructuring of the department. But, as a result of the 1970 amendment of s. 20.04(4), F. S., which generally provides that no department can establish additional divisions after July 1, 1970, or new bureaus, sections, or subsections until approved by the Department of Administration or by law, any changes in the organizational structure of the department after July 1, 1970, must be in compliance with s. 20.04(4). In summary, it is my opinion that the Department of Citrus is not in violation of the provisions of Ch. 20, F. S., by continuing its existing internal organizational structure. In reaching this conclusion, I note that the creation of any new divisions, bureaus, sections, or subsections after July 1, 1970, must be in compliance with s.20.04(4), F. S., as amended by the 1970 Legislature. In rendering this opinion, I further note that my conclusion is based solely upon my interpretation of the Governmental Reorganization Act as it affects the Department of Citrus and should not be construed as an interpretation of the law affecting or applicable to any other governmental entity. Your question is answered in the affirmative.