343 So.2d 1284 (1976)
Richard P. SMITH et al., Appellants,
v.
VENUS CONDOMINIUM ASSOCIATION, INC., Appellee.
No. DD-250.
District Court of Appeal of Florida, First District.
December 23, 1976.
Rehearing Denied April 13, 1977.
Michael William Mead, of Middleton & Mead, Fort Walton Beach, for appellants.
Mark E. Walker, Fort Walton Beach, for appellee.
BOYER, Chief Judge.
By this appeal we are requested to determine whether the recording of an original final judgment in the Official Records Book of a county which has adopted the single record method of recording and in which county the judgment was entered is sufficient to render such judgment a lien on real estate in that county owned by the judgment debtor; or whether Section 55.10, Florida Statutes 1975, is literally construed to require the recordation of a certified copy of such judgment in lieu of, or in addition to, the original.
An interesting and most informative historical discussion of F.S. 55.10 and related statutes may be found in Dade Fed. Sav. & L. Ass'n v. Miami Title & Abstract Div., Fla.App.3d 1969, 217 So.2d 873. When that opinion was written, the subject statute had been amended to read:
"Judgments and decrees become a lien on real estate in the county where rendered when the judgment or decree is recorded in the proper record of such county and in other counties when a certified copy thereof is recorded in the proper record of other counties." (Please see Chapter 67-254, Section 9, General Laws 1967)
The issue before the court in the above-mentioned case was "whether the words `judgment or decree' may be properly construed to mean a certified copy". That court held affirmatively.
In an attempt to alleviate the confusion, but in actuality compounding it, the legislature in 1971 (Chapter 71-56) amended F.S. 55.10 to read as follows:

*1285 "A judgment or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation."
In May of 1976, a deficiency judgment was rendered in the Circuit Court in and for Okaloosa County in favor of Venus Condominium Association, Inc., against Henry W. Foley, et ux. That judgment was recorded in the Official Records Book of that county. In June of 1976, appellants, by separate deeds, acquired from Foleys certain real properties in Okaloosa County. Thereafter, at the instance of appellee, a writ of execution was issued and the Sheriff of Okaloosa County was directed to sell said properties pursuant thereto. Appellants' motion to stay the sale resulted in an adverse order here appealed. In that order, the learned trial judge held:
"The Court takes judicial notice of the fact that Okaloosa County has adopted the Official Record Book as the only book in which to record Final Judgments. In a county in which the Official Record Book has been adopted as the only book or the exclusive book for the recording of Final Judgments, the recording of a Final Judgment in the Official Record Book of that county, when rendered by a court of that county, complies with the provisions of Chapter 55.10, Florida Statutes 1975, so as to create a lien on all real estate owned by the judgment debtor in that county as of the date of recording of the original of the Final Judgment, and it is not necessary, in order to comply with Chapter 55.10, Florida Statutes, in order to create a lien on real estate in that particular county owned by the judgment debtor, to additionally record a certified copy of that same Final Judgment in the Official Record Book of that county."
We are of the view, and so hold, that the trial judge was correct. Appellants' reliance on Dade Fed. Sav. & L. Ass'n v. Miami Title & Abstract Div., supra, is misplaced. The situation in that case is exactly opposite to that sub judice. There the court held that the statute, as then worded, requiring the recordation of "the judgment or decree" meant the recordation of "a certified copy". Sub judice, the statute having now been amended to provide for the recording of a certified copy, the trial judge held, as do we, that the recording of the original judgment has the same effect as would the recording of a certified copy thereof. As stated in the above-mentioned opinion:
"No literal interpretation should be given a statute which leads to an unreasonable or ridiculous conclusion or result obviously not designed by the legislators. (Citations omitted) (217 So.2d 873)
* * * * * *
"Clearly, the language `judgment or decree' used in the 1967 amendatory act here under consideration must be held to mean a certified copy of such judgment or decree. To attempt to apply in unyielding literal interpretation of the words used would lead to a ridiculous absurdity." (217 So.2d 878)
The above-quoted words are equally applicable here. It would be absurd indeed to conclude that the legislature intended for a certified copy of a judgment to enjoy a higher dignity or be more effective than the original.
Appellants' second point being novel, though without merit, justifies our attention. Appellant urges that a trial court located within the jurisdiction of the District Court of Appeal, First District of Florida, is bound by decisions of other district courts and that failure to follow decisions of other district courts should require reversal. Such a holding could lead to utter chaos were two of our sister courts to be in conflict on a point of law raised in a trial court in this district. Also, an anomalous situation would result were we to reverse a trial court in this district for failing to follow a decision of one of our sister courts with which we disagreed. The fact is that trial courts, as appellate courts, have the duty and obligation to follow and apply the law. We are not unaware that determining *1286 what is "the law" may sometimes be difficult.
AFFIRMED.
RAWLS and McCORD, JJ., concur.

ON PETITION FOR REHEARING
BOYER, Chief Judge.
The original opinion in this case predated oral argument in Meadows Development Company v. George Ihle, Case No. CC-215, Opinion filed this date (Fla. 1st DCA 1977). Appellants have filed a Petition for Rehearing and numerous motions have been filed by interested parties seeking to appear amicus curiae. We therefore delayed consideration of the motion for rehearing filed in this case until after hearing and determination of Meadows Development, wherein the identical points were urged as now urged by appellants in their Petition for Rehearing sub judice, but which points were neither raised nor briefed prior to entry of our opinion herein.
The specter of Rhea v. Smith, 274 U.S. 434, 47 S.Ct. 698, 71 L.Ed. 1139 (1927) and its progeny has now been raised for the first time on petition for rehearing. Although now considerably enlightened, not only by the declarations contained in the Petition for Rehearing but also by the opinion of our brothers in Meadows Development Company v. Ihle, we nevertheless adhere to the holding announced in our foregoing opinion.
We do not intend to belittle the goblins paraded by appellants in their belated Petition for Rehearing. Although we were not initially made aware of the horribles which might well result were our opinion to be construed as creating a disparity between state judgments and those of federal courts, all of which we now recognize and appreciate, we do not construe our opinion as creating such a disparity. Our reasons for so determining are the same as so ably explained by our brothers in part three of their opinion in Meadows Development and no useful purpose will be attained by repetition here.
Nor are we willing, in order to avoid any possibility of our opinion being misinterpreted so as to create a disparity, to sacrifice the rights of appellee who apparently construed the statute as have we. We are not unmindful of the assertion that no injustice would result were appellee to be rendered a sacrificial lamb in the interest of a construction of the statute in such a manner as to absolutely assure no interpretation of disparity because a simple reading of the statute, as amended in 1972, would have informed appellee in the very beginning that the recording of the certified copy of judgment in addition to the original was required. Such a simplistic approach would have more validity were it not for the fact that the three senior members of this court faced with the identical statute and after having repeatedly read same and after having heard oral argument by able counsel and following post-argument conference, albeit then ignorant of the parity argument (as perhaps was appellee), nevertheless construed the identical statute as requiring the recordation of either the original judgment or a copy thereof. It is clear, it appears to us, that to hold otherwise in the interest of assured parity would constitute a compromise of appellee's rights in order to achieve what is now urged as a desirable result. That we are unwilling to do.
We are unwilling to recede from our opinion for the further reason that to do so, viz: To hold that the legislature intended for a certified copy of a judgment to enjoy a higher dignity or be more effective than the original, would create an absurdity. Absurdities in the law foster disrespect for the law and certainly few would gainsay the absurdity of holding a copy superior to the original and that it is necessay to record a copy in the same book as the original, thereby duplicating the number of pages in the book with no real nor logical purpose. Certainly any title examiner examining the official records of a county can see an original judgment as readily as a copy thereof. Appellate courts have repeatedly paid lip service to the proposition that statutes will not be interpreted so as to obtain an absurd *1287 result. Sharon v. State, 156 So.2d 677 (Fla. 3rd DCA 1963); State v. Willis, 124 So.2d 48 (Fla. 1st DCA 1960); State v. Sullivan, 95 Fla. 191, 116 So. 255 (1928); Dade Fed. Sav. & L. Ass'n v. Miami Title & Abstract Div., 217 So.2d 873 (Fla. 3rd DCA 1969). It would now be absurd, in our view, to pay lip service to the principle yet all the while apply an absurd construction to arrive at an absurd result. It is not a matter of whether the legislature has the right and authority to act absurdly, but whether this Court, under the law long since announced, should place a construction on the acts of the legislature such as to create an absurdity, when the act is susceptible of a logical, valid and reasonable contruction and interpretation.
In Dade Federal, supra, the court recited:
"* * * Pursuant to such determination, the lower court held that Miami Title fulfilled its contractual obligation to furnish a complete abstract of title, insofar as judgment liens were concerned, when it conveyed such information pursuant to search only of the Official Record Book in the Dade County Circuit Clerk's office. We agree with the lower court." (217 So.2d 879)
Such is the effect of our holding sub judice.
As stated in Meadows Development, F.S. 55.10 expresses no evidentiary preference for either "original" or "certified copies" of judgments when it makes judgments rendered in a county a lien on land in that county when recorded in the Official Records. The statute is indifferent as to whether the federal judgment presented as the basis for a lien is an authenticated original, borrowed temporarily for recordation, or a certified copy. That is so whether considering the statute before or after amendment. Therefore, for that further reason, our holding creates no disparity between judgments rendered by state courts and federal courts.
Nor is our holding in this case necessarily in conflict with that of our brethern in Meadows Development. In that case the Court construed F.S. 55.10 as it existed prior to 1972. Any recitation in the case to the contrary, the subsequent amendment had no effect on that case whatsoever. Sub judice we construe the statute as amended. While the statute prior to amendment is of historical interest it has no application here. Our holding in this case is confined to the statute as amended.
It has been suggested that the legislature should revisit the problem and explicitly require double recording in order to achieve assured parity of treatment between state and federal judgments. Whether or not the legislature should further consider the matter is uniquely within its discretion in its infinite wisdom. However, should it elect so to do, we observe that equality or parity (should there be any doubt about its existence under our holding here) may be more logically and realistically achieved, and certainly with less expense to the litigants and taxpayers alike, by simply requiring that the clerk make a charge for the recording of all judgments, whether original or copy or in the alternative that he be directed to record without charge all original judgments coming into his possession or control for recordation. By so providing there could be no possible question of disparity and the absurity of double recording would be avoided. Likewise, the enormous cost to the taxpayer of maintaining double records in the same book would be avoided.
Notwithstanding our confidence in our holding, in order that the Supreme Court of Florida may review same in the light of the fears expressed in appellant's Petition for Rehearing, and in the several motions for permission to appear amicus curiae, we here certify, as did our brethern in Meadows Development, that this decision passes upon a question of great public interest.
The Petition for Rehearing and the several motions to appear amicus curiae are each severally denied.
RAWLS, J., Concurs.
McCORD, J., Dissents.
McCORD, J., Dissenting.
From the history of this legislation as set forth in the opinion of another panel of this court in Meadows Development Company v. *1288 George Ihle, Fla.App., Case No. CC-215, opinion filed this date, it is clear that the legislature meant what it said in its amendment of section 55.10 by Chapter 71-56, Laws of Florida, effective January 1, 1972. Such amendment requires recordation of "a certified copy ... in the official records or judgment lien record of the county... ." This is further borne out by the amendment of Section 28.29 by Chapter 72-320, Laws of Florida, effective April 1, 1972, to provide:
"The certified copy of a judgment required under § 55.10 to become a lien on real property, shall be recorded only when presented for recording with the statutory service charge."
I would, therefore, grant the petition for rehearing, vacate our previous affirmance, and reverse.