BARKDULL, Judge.
This case involves the rights of people who were defrauded by a mortgage broker to the proceeds of the mortgage broker’s bond, posted pursuant to Section 494.04(12), Florida Statutes, (1975). The parties are Frank Crown, d/b/a Crown Mortgage Company (“Crown ’), the mortgage broker; American Liberty Insurance Company (“American”), the surety on the mortgage broker’s bonds; Sam Rudt, Mollie Rudt, Philip Davis, Sylvia Davis (“Rudt”), clients of the mortgage broker who were defrauded by him; and Mayson Lloyd Blouin and Carol D. Blouin (“Blouin”), other clients of the mortgage broker who were similarly defrauded. The facts of this case are as follows.
In May of 1977, Blouin retained Crown to arrange for the refinancing of a second mortgage on Blouin’s home. Crown located a lender and, on August 19, 1977, Blouin signed a note for $7,093.75 in favor of the lender and in return gave a mortgage on the residence. It was understood that the sum of $3,351.25 would be deducted from the note proceeds and would be paid by Crown to satisfy the existing second mortgage on the home. Instead of satisfying the second mortgage, Crown secretly and fraudulently kept the $3,351.25 for himself. Blouin realized this months later, when the holder of the second mortgage demanded payment. On June 24, 1978 Blouin sued Crown and American for damages. American was sued as well as Crown because American was the surety on a bond filed by Crown with the State of Florida, pursuant to Section 494.04(12), Florida Statutes (1975), “for the benefit of any person injured by the wrongful act of the Mortgage Broker . . . ’’,[1]
At the time he filed his claim, Blouin did not know that Crown had also defrauded Rudt. Blouin was also unaware of the fact that on June 9,1978, in an entirely separate action (the action presently being appealed) Rudt had obtained a final judgment against Crown for $6,925.00. Execution on this judgment was returned unsatisfied. This judgment was only against Crown and not against American.
On August 10, Rudt filed an amended complaint, joining American as a defend *328 ant.[2] On September 7, Rudt additionally filed a motion to interplead American as third party defendant in aid of execution.[3] This motion was granted on September 14, and American was ordered to show cause why a final judgment should not be entered against it.
On September 26, prior to showing such cause, American filed its response to Rudt’s amended complaint. In this response, American answered the allegations of the amended complaint but also counterclaimed against Rudt for interpleader, and filed a third party claim against Biouin for inter-pleader as well. In these claims for inter-pleader, American sought leave of the court to: (1) deposit bond proceeds of $5,000.00 in the court registry, and (2) force Rudt and Biouin to litigate between themselves their respective ultimate rights to this sum. This response was served on Rudt on September 26, and he was then on notice that Biouin had been joined as a party to the action and claimed the proceeds of the $5,000.00 bond. Rudt filed a motion to dismiss the counterclaim and for entry of a final judgment, and set it for hearing on October 5. On October 6, Biouin filed his answer to American’s third party claim for interpleader and served it on all parties, including Rudt. Notwithstanding this, Rudt failed to notify Biouin of the hearing set for October 12. On October 12, a hearing was held and, on October 19, the trial judge awarded Rudt the full $5,000.00 of the bond. Blouin’s interests were unrepresented. The trial judge also ruled that any other possible obligations under the bond (i. e., to Biouin and others) were completely discharged. This appeal followed.
We reverse and return the matter to the trial court to determine the rights of Biouin, Rudt, and any others to the $5,000.00 bond posted in accordance with the statute. Worden v. Hunt, 147 So.2d 548 (Fla.2d DCA 1962); Travelers Indemnity Company v. Askew, 280 So.2d 469 (Fla. 1st DCA 1973). Because this amount has already been paid by American and received by the Rudts, if an amount is found to be due to the Blouins or any other claimant, a rule to show cause should be issued directing the Rudts to remit same within a day certain and in default thereof that a final judgment for any such amounts that may be due to the Blouins or any others be entered against the Rudts.
Reversed and remanded, with directions.

. This statute was subsequently repealed in 1977, and a different remedy exists today. See: Sections 494.042, 494.043, 494.044, Florida Statutes (1977).

. This procedure is unknown to the Rules of Procedure. The matter had been concluded by the final judgment entered on June 9, 1978.

. Pursuant to Section 56.29(9), Florida Statutes (1977).