Mr. Patrick Gallagher Executive Director Criminal Justice Standards and Training Commission Post Office Box 1489 Tallahassee, Florida 32302
Dear Mr. Gallagher:
You have requested my opinion on the following question:
 ARE CORRECTIONAL OFFICERS CERTIFIED BEFORE JULY 1, 1981, ELIGIBLE FOR BASIC INCENTIVE PAY ($25)?
Basically, Chapter 81-24, Laws of Florida, merged the certification, standards and training of law enforcement and correctional officers under one commission, The Criminal Justice Standards and Training Commission, with programs administered by your Division of Standards and Training. These programs and standards were to be applicable to each of the criminal justice disciplines and were to establish a minimum foundation program for law enforcement and correctional officers which would provide a statewide minimum salary; provide state monetary supplement in order to effectuate an upgrading of compensation; and to upgrade the educational and training standards (s 943.085, F.S.). Part of the expressed intended upgrading of compensation was the salary incentive program for both correctional and law enforcement officers in s 943.22, F.S. (1981). Prior to the enactment of Ch. 81-24 no statutory provision had been made for basic salary incentive pay for correctional officers under Ch. 944, F.S. As you have noted, because of the language employed in s 943.22(2)(a) and (k), uncertainty exists as to the entitlement of correctional officers to basic salary incentive payments and some of the correctional agencies are paying it and others are not. Since the legislative intent has not been easily discernible you have requested my opinion on this question.
Where the wording of a statute is ambiguous or is susceptible to more than one interpretation, it is the duty of the court to glean the legislative intent from a consideration of the act as a whole, the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of law already in existence bearing on the subject, and give that construction to the statute which comports with the evident legislative intent. Curry, et. al v. Lehman, 47 So. 18 (Fla. 1908); Foley v. State exrel. Gordon, 50 So.2d 179 (Fla. 1951); and Dade Federal Savings and Loan Association v. Miami Title and Abstract, etc.,217 So.2d 873 (3 D.C.A. Fla., 1969).
I have examined the history of Ch. 81-24, Laws of Florida, and its enactment and have monitored the tapes of legislative committee hearings on the act during its progress through the enactment process, and have examined the committee staff analysis and staff summaries of SB 103, CS for SB 103 and CS for CS for SB 103, which investigation essentially reveals that the bill as originally drafted included both law enforcement officers and correctional officers within the provisions for basic salary incentive pay contained in the first sentence of s 943.22(2)(a), but CS for SB 103 and CS for CS for SB 103 deleted or excluded correctional officers from the provisions for basic salary incentive pay, and Ch. 81-24 as finally adopted by the Legislature makes no provision therefor. The title of Ch. 81-24 is in conformity and, among other things, provides that the act includes `correctional officers within provisions relating to certain salary incentive programs for law enforcement officers.' (e.s.).
Moreover, the tapes of the committee hearings reflect that no appropriation for basic salary incentive pay for correctional officers as ever proposed and no such appropriation was in fact made. In s 22 of Ch. 81-24, Laws of Florida, the sum of $263,842 was appropriated to the Department of Corrections for the purpose of making salary incentive payments to eligible employees commencing January 1, 1982, i.e., for those benefits provided for career development and educational salary incentive benefits referred to in subsections (2)(a), (b), (c) and (d) of s 943.22, F.S.
As finally enacted, CS for CS for SB 103 (Ch. 81-24 Laws of Florida), added subsection (3) to s 943.22, F.S., to provide that notwithstanding the provisions of s 943.22, units `of localgovernment may choose to have a salary structure and salary plan which provides for educational incentive payments to its correctional officers pursuant to this chapter.' (e.s.). Both the committee staff analysis and staff summaries as well as the committee hearing tapes of CS for SB 103 and CS for CS for SB 103 reflect that participation in this program by local governments is optional and that there is no state mandated local government participation.
Therefore, I am of the opinion that, until ruled otherwise by a court of competent jurisdiction or changed by an act of the Legislature, the evident legislative intent of s 943.22, F.S., is:
 (1) No correctional officer regardless of the date of his certification and employment by either a unit of local government or a state agency is entitled to the basic salary incentive payments provided for law enforcement officers in s 943.22(2)(a), F.S.
 (2) Correctional officers employed by units of local government are not entitled to participate in the educational incentive payments provided for in s 943.22, F.S., unless the employing local unit of government chooses to have a salary plan to provide therefor, (s 943.22[3]).
 (3) Correctional officers certified and employed or appointed, on July 1, 1981, by the Department of Corrections shall be entitled to the career development and educational incentive pay provided for in ss 943.22(2)(b); 943.22(2)(c); and 943.22(2)(d), F.S. on or after January 1, 1982.
Sincerely,
Jim Smith, Attorney General
Prepared by: A.S. Johnston, Assistant Attorney General